Edward ROBERSON et al., Appellants,

v.

Elsie H. ROBERSON, Appellee.

No. 13.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Oct. 25, 1967.

Rehearing Denied Nov. 15, 1967.

Croom, Barnes & Adams, Jack W. Knight, John A. Croom, and Sam G. Croom, Houston, for appellants.

Ladin, Lackshin, Weycer & Schultz, and James G. Cowen, Houston, for appellee.

BARRON, Justice.

This is an action for divorce, child custody, support, division of community property and attorney's fees, filed in the Court of Domestic Relations No. 3 of Harris County, Texas. The plaintiff is Elsie H. Roberson, the lawful wife of defendant, Edward Roberson, a medical doctor. The suit was filed on April 1, 1964. The plaintiff alleged cruel treatment and adultery as her original grounds for divorce, but later a trial amendment was permitted which set forth grounds of seven years' living apart, without cohabitation, upon which ground the divorce was granted to plaintiff on March 15, 1967. Subsequently, after many conferences and the taking of a great amount of testimony, Marinelle Pullen (called Marinelle Pullen Roberson), filed her plea in intervention, in which she alleged that in good faith and without knowledge of legal impediment, she lived with Edward Roberson as his wife until July 7, 1964, during which

time Dr. Roberson acquired properties for which she makes claim as an alleged putative wife. On motion, the trial court entered its order striking said plea of intervention on August 1, 1966. Marinelle Pullen excepted and eventually gave timely notice of appeal. She and Dr. Roberson are appellants in this cause.

The complicated nature of this case and the involved facts concerning the community property of the parties, caused the trial court to appoint Albert R. Young master in chancery with power to hold conferences between the parties and their attorneys, to receive and report evidence concerning the respective claims of the parties, to hear testimony concerning the issues in the case, to make recommendations and to file proposed findings of fact and conclusions of law for the trial court's determination. From the date of his appointment on October 13, 1965, the master complied with the court's orders, held six or more extended conferences, heard sworn testimony by various persons including the parties, and heard the arguments and suggestions of counsel concerning the issues. On September 20, 1966, he filed in the trial court his review of the evidence and his proposed findings of fact and conclusions of law. Both parties timely excepted to the master's report. The testimony taken was voluminous and the arguments and statements are lengthy. It was agreed by all parties that the transcribed testimony and arguments of counsel, together with the depositions of the parties, approved by the trial court, should constitute the statement of facts. While much of the testimony was incompetent and improper, on orders of the trial court, we accept it as the statement of facts.

The following facts are pertinent:

Elsie H. Roberson and Dr. Edward Roberson were married in the State of Arkansas in 1947, and continued to live together as husband and wife until about December 1, 1959. After that date they never lived together as husband and wife again. They had two daughters, one of whom is under the age of 18 years. On February 15, 1960, Dr. Roberson filed suit for divorce against Mrs. Roberson in the Court of Domestic Relations No. 3 of Harris County, and on June 26, 1961, judgment was entered by the trial court denying a divorce to Dr. Roberson. During the month of September, 1961, Dr. Roberson commenced living with Marinelle Pullen in Baytown, Texas, representing her to be his lawful wife. He continued to live with Marinelle at least until the time of trial.

Less than three months after Dr. Roberson had been denied a divorce from Elsie Roberson, without the knowledge of Mrs. Roberson, he went to Juarez, Mexico and obtained a Mexican divorce from her. He married Marinelle Pullen at Richmond, Texas on September 27, 1961. When Mrs. Roberson learned of this purported marriage, she filed suit against Dr. Roberson in Harris County for declaratory judgment to establish that the marriage to Marinelle was invalid and void, and the trial court entered judgment on December 23, 1963, declaring that the Mexican divorce was void; that Marinelle's marriage was void and of no effect, and that Elsie was the lawful wife of Dr. Roberson. The judgment was affirmed by the First Court of Civil Appeals by unpublished opinion.

During the marriage of Dr. Roberson and Elsie Roberson a great deal of community property was acquired. Dr. Roberson has apparently been successful in both his profession and in various business ventures. He has acquired two furnished houses in Harris County, two automobiles, bank stock, 50 shares of San-Aero Corporation common stock, a substantial income from his medical practice, 125 shares of stock in Tidelands Hospital Company, 38% general partnership interest in Tidelands Properties Company (a limited partnership), varying amounts of cash and various other properties. The exact value of the properties involved is undetermined, but they have been estimated at approximately $300,000.00 with substantial annual incomes.

■ There seems to be no dispute concerning the trial court's granting of the divorce. Suffice it to say that we find the evidence full and satisfactory to warrant a divorce in favor of appellee, Elsie Roberson, and the evidence is entirely sufficient to support the trial court's action in granting it. There was no genuine contest of the divorce phase of the judgment. There is no dispute as to child custody and support. The court awarded Mrs. Elsie Roberson a judgment in the sum of $95,725.70, representing her community interest in the following: 50 shares of San-Aero stock, professional accounts of Dr. Roberson, 125 shares of Tidelands Hospital Company stock, 38% partnership interest in Tidelands Properties Company and her interest in $5,000.00 cash in the bank. Appellee was awarded $10,000.00 as a reimbursement for gifts made in fraud of her community interest, a family residence and furniture, one of the automobiles and 13 shares of bank stock. A lien was established in her favor to secure payment of the judgment. She was also awarded attorney's fees. The property representing the money judgment above was awarded to Dr. Roberson. Both parties were charged with the payment of community liabilities in the sum of $12,272.85.

■ Appellants first attack the order of the trial court in striking the plea of intervention of Marinelle Pullen. Marinelle makes claim to a portion of the property acquired by Dr. Roberson while she was claiming to be his putative wife. See 1 Speer's Marital Rights in Texas (4th Ed.), Sec. 56, p. 62. While the striking of a plea in intervention is ordinarily a discretionary matter with the trial court, there are limits to this rule. See Inter-Continental Corp. v. Moody, 411 S.W.2d 578 (Tex.Civ.App.), writ ref., n.r.e.; McAdow Motor Co. v. Luckett, 131 S.W.2d 267 (Tex.Civ.App.), no writ; Gullo v. City of West University Place, 214 S.W.2d 851 (Tex.Civ.App.), writ dism'd, w.o.j.; 1 McDonald, Texas Civil Practice, Sec. 3.47. However, in the case, an alleged putative wife seeks to intervene in a suit between husband and wife for divorce where a division of an abundance of community property is required. The burdens on the court were already heavy before the attempted intervention. The master in chancery had held hearings on several occasions attempting to determine values and the extent of community property before the filing of the intervention. Suit for divorce was filed on April 1, 1964 and the master was appointed on October 13, 1965. After extensive and complicated hearings the master filed his report on September 20, 1966. Depositions were taken and the master held at least five hearings before the plea of intervention was filed on May 25, 1966, more than two years after the suit was filed. Moreover, the issues required to determine the lack of knowledge and innocence of the intervenor and the putative nature of the alleged marriage were entirely distinct transactions involving issues materially different from those already before the court. Marinelle Pullen could have and now can, in a separate suit against one or both parties to this action, protect the interest, if any, she might have in the property involved. Had the trial court allowed such intervenion, this suit for divorce between husband and wife and division of community property probably would have been confused and clouded by a new and complicated set of issues. We believe that interminable trouble, confusion and delay would have resulted by the intervention. The trial court was well within his discretion and was correct in striking the intervention under all the circumstances. O'Brien v. First State Bank & Trust Co. of Taylor, 239 S.W. 715 (Tex.Civ.App.), no writ; Jones v. English, 235 S.W.2d 238 (Tex.Civ.App.), writ dism'd.; 44 Tex.Jur. 2d, pp. 195, 196, Sec. 44; Rules 40 and 60, Texas Rules of Civil Procedure. We hold that intervenor is not a necessary and indispensable party to this action. See 1 McDonald, Texas Civil Practice, Sec. 3.16. Broad discretion is accorded the trial judge in the matter of intervention.

Moreover, the apparently tenuous position of intervenor as being an innocent putative wife of Dr. Roberson, and her consequent

claim to a part of the property as against the rights of Mrs. Elsie Roberson, adds force to the decision of the trial court in striking the intervention. We overrule appellants' points of error.

Appellants, by proper points of error, contend that the court's awarding appellee the sum of $28,508.10, being one-half the net value of 125 shares of Tidelands Hospital Company stock owned by the parties hereto, was error. In addition to the claim that such sum of money was arbitrary and unsupported by the evidence, appellants claim that the stock should have been divided in kind. Appellants contend that a money judgment in favor of appellee for one-half the value was improper. The record shows that 125 shares of stock constitute 28% of the total issue of Tidelands Hospital Company. The preferred stock and the common stock have a par value of $10.00 per share. The value of the corporation as of December 31, 1965 was shown to be $461,000.00, less the amount of liabilities in the amount of $272,000.00, leaving a net value of $189,000.00. The trial court adopted a formula, based upon valid inferences from the testimony before the master and the documentary evidence offered, which showed an increased net value of the corporation of the seven months of 1966 of $3,583.00 per month, based upon the earnings of the corporation for the year 1965 ($42,996.00), or a total for the first five months of the year 1966, of $17,915.00. There was applied to appellant's interest therein 28% of the latter figure as an increase. The total value of the 125 shares of stock was placed at $57,016.20, representing the reasonable value of the stock belonging to the community estate of the parties. The master, however, in his "conclusions of law" recommend that the stock be divided in kind, one-half to each party. Appellee contended that she be awarded judgment for one-half the value.

The testimony shows that only two shares of the stock had ever been sold, and that no offer to purchase the stock or the hospital property had ever been made. The evidence further shows that the Hospital Company increased in value and in earnings during 1964 and 1965 and prior thereto for three years preceding the trial. It was further shown that the corporation was a good income-producing business. The testimony of Dr. McAmis, a stockholder and partner, shows that the value had increased from January, 1964, through the date of the taking of his deposition on October 20, 1965.

■ In view of the evidence, and the absence of evidence to the contrary, we hold that the formula resorted to was reasonable under the circumstances, and that the values set were authorized as reasonable inferences from all of the testimony adduced. The use of the income figure for the year ending December 31, 1965 was the only evidence available so far as we can determine. Appellant placed the net value of the assets of the Hospital Company at $127,500.00 on June 29, 1965. The court was not required to adopt the master's recommendations in this regard. Appellant, having the report of the master, his findings of fact and conclusions of law before him, from September 20, 1966, to the date of the trial on the 23rd day of January, 1967, offered nothing else at the trial to dispute the value as found by the court. Considering the evidence as a whole, the conflicts in the testimony, and the income obviously earned by the corporation, we hold that the trial court was fully justified in finding the values as above set forth, and in awarding the appellee the sum of $28,508.10 as her community share of Tidelands Hospital Company. The court was justified in not dividing the shares in kind. To place appellee in the position of a stockholder with Dr. Roberson and his associates would have been unreasonable. There was ample evidence to indicate that Tidelands Hospital Company and Tidelands Property Company were tax devices set up at the origination of the Tidelands Hospital project to take maximum tax advantage of depreciation and early operating losses, and through which appellant practiced his profession. We approve the trial court's decision in this regard. There was no abuse

of discretion. Roye v. Roye, 404 S.W.2d 92, 95 (Tex.Civ.App.), no writ; Hursey v. Hursey, 165 S.W.2d 761 (Tex.Civ.App.), writ dism'd.

■ Appellant complains of the trial court's awarding appellee a money judgment for $2,500.00 representing one-half of the cash in banks. The testimony shows that the appellant had varying sums in the bank from time to time after the divorce was filed. The testimony shows large amounts of cash passing through appellant's hands during the pendency of this suit, though he was restrained by the court from disposing of and appropriating any of the community property, or from contracting any debt on account thereof. The evidence showed that at times appellant's account was far greater than $5,000.00 and at other times was far less. On the same authority as above, we hold that the granting of judgment for $2,500.00 was not an abuse of discretion.

■ At the time of the separation of the parties, appellee, Mrs. Roberson, withdrew $11,000.00 belonging to Dr. Roberson and herself from the Channelview State Bank. This occurred in December, 1959. Disposition of the $11,000.00 took place over a seven-year period and included the costs of her defense of the first divorce action and an action for declaratory relief to invalidate the Mexican divorce and Dr. Roberson's marriage to his alleged second wife. Appellee had no control over any of the income-producing community property of the parties, and had no income to herself of any nature during that period, though appellant made child support payments. The master disallowed appellant's claim for reimbursement and the trial court adopted his findings. We think there is *sufficient evidence to justify such action.* Berdoll v. Berdoll, 398 S.W.2d 397 (Tex. Civ.App.) no writ. The evidence supports the refusal of the court to divide these funds. The trial court's judgment implies all necessary fact findings to support the judgment. There was no request by appellants for findings of fact and conclusions of law by the trial court. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114.

■ The appellants complain of the trial court's action in rendering judgment in favor of appellee for $10,000.00 for fraudulent gifts made out of the community property to the alleged putative wife, Marinelle Pullen. Appellants lived together as husband and wife from September, 1961 until the date of trial, and in spite of a solemn judgment of the court declaring the marriage to be illegal and the Mexican divorce upon which appellants relied to be void, as well as inferences from the testimony that both parties knew, or should have known, of Dr. Roberson's valid marriage to Elsie Roberson, they have continued to live together as man and wife. Under the circumstances, the Mexican divorce can offer Dr. Roberson and Marinelle no solace. The property given to Marinelle consists of support for her and her children since at least 1961; numerous vacations and trips which she and her children took with appellant at his expense; a diamond ring costing about $800.00; for spending an undetermined amount of money monthly for Marinelle, for gasoline credit, clothing and numerous other items. This continued for a period of more than five years. The master in chancery allowed appellee this recovery and the trial court adopted his findings. The findings are fully supported by the evidence. These expenditures were in cold disregard of the rights of Elsie Roberson in the community estate. This course of conduct and dealing was a clear and unequivocal fraud upon the lawful wife. See 1 Speer's Marital Rights in Texas (4th Ed. 1961), Secs. 184, 185, 186; 18 Tex.Law Rev. 131 (1940); Hartman v. Crain, 398 S.W.2d 387 (Tex.Civ.App.), no writ; Kemp v. Metropolitan Life Ins. Co., 205 F.2d 857 (5th Cir.); Aaron v. Aaron, 173 S.W.2d 310, 314 (Tex.Civ.App.), writ ref., w.o.m. We hold that the gifts made by Dr. Roberson to Marinelle were knowingly excessive and capricious, and that the trial

court was clearly justified in awarding appellee $10,000.00 for fraudulent gifts made out of the community property of appellant and appellee. In Watson v. Harris, 61 Tex. Civ.App. 263, 130 S.W. 237, no writ, it was said:

"It is so repugnant to our sense of justice that this court will never sanction the proposition that a husband may desert his lawful wife, and while living in adultery with another woman, donate to the latter as a gift his wife's interest in the property owned by them in common, unless the Legislature enacts a law which will admit of no other construction."

We agree with that decision and find it applicable here.

In their third point of error, appellants complain that the trial court, before final entry of judgment, fixed the fee of Albert R. Young, master in chancery appointed in this case, at $6,000.00. It is suggested in the briefs and arguments before this court that Albert R. Young died on February 22, 1967, before entry of final judgment. Appellants contend that sworn testimony was required in open court, with the usual right of cross-examination, on the amount of the fee fixed by the trial court. We overrule this contention. Rule 171, T.R.C.P. provides that, "The court shall award reasonable compensation to such master to be taxed as costs of suit." The awarding or refusal of a master's fee is within the sound discretion of the trial court and not reviewable absent an abuse of the trial court's discretion clearly apparent from the record. Miller v. Cercy, 386 S.W. 2d 627 (Tex.Civ.App.), writ ref., n.r.e. The master held numerous hearings in this case, examined many witnesses, held conferences with the attorneys and various expert witnesses, all of which is apparent from the record. By agreement of the parties this record constitutes the major portion of the statement of facts. At least 619 pages of transcribed testimony was taken before the master, most of it difficult and highly involved. The master had frequent informal conferences with the attorneys, and the record shows many involved and complex matters considered and passed upon by the master. There are many exhibits in the record. The record shows that the master's duties were discharged with fairness, patience and diligence. The trial court had a right to consider all of these fact included in the record. The master's untimely death prevented any further testimony in the absence of objection and tender of testimony by appellants prior to the entry of final judgment on March 15, 1967. Appellants failed to offer such testimony. The fee is reasonable considering all the circumstances.

The same can be said for the trial court's award of $17,500.00 as attorney's fees to appellee, Mrs. Roberson. This case was difficult and complex. A great amount of work was required by the attorneys for appellee to reveal the facts which the record supports. The record shows that at least 964 hours were required in the preparation and trial of this case over approximately a three-year period. Research, negotiations, hearings and temporary orders, all necessary for the protection of appellee's rights, were required.

While a wife does not have an absolute right to attorney's fees in a divorce case, it is well settled that the allowance of same, and the amount thereof, are within the sound discretion of the trial court. The fee, considering the amount of property involved and the difficulties of this case, is within the limits of reason. The trial court did not abuse its discretion in fixing such fee. Muran v. Muran, 210 S.W.2d 617 (Tex.Civ.App.), no writ; Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002; 20 Tex.Jur. 2d, p. 621 et seq., Sec. 298.

In affirming a division of the community estate between husband and wife, we have been mindful of the rule in Texas as expressed in the cases of Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, 313, and Hailey v. Hailey, 160 Tex. 372, 331

S.W.2d 299, all by our Supreme Court, and we have considered other similar cases. These cases recognize that the trial court is vested with broad discretion in disposing of any and all property of the parties, separate or community, and that its action, in the exercise of such discretion, should be reversed on appeal only where an abuse of discretion is shown, in that the disposition made of some property is manifestly unjust and unfair. An equal division of the property is not required. The loss of an advantageous marriage may warrant the trial court's division of the property in favor of the wife or of the husband. Fault in breaking up the marriage can be taken into consideration to some extent. It is proper in dividing the property to take into consideration the benefits that the innocent spouse would have received from a continuation of the marriage. We hold that the able trial court was well within its discretion, and acted reasonably, in dividing the community property of the parties as it did. See Pickitt v. Pickitt, 401 S.W.2d 846 (Tex.Civ.App.), no writ; Hudson v. Hudson, 308 S.W.2d 140 (Tex.Civ. App.), no writ.

The judgment of the trial court is affirmed.