**Carolyn Ann DELANEY, Appellant,**

v.

**George Jerome DELANEY, Appellee.**

**No. 1724.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 18, 1978.

Rehearing Denied Feb. 22, 1978.

Roy Ahrens, Satterwhite & Feehan, Houston, for appellant.

Greg W. Thrower, Vern J. Thrower, Vern J. Thrower & Associates, Houston, for appellee.

COULSON, Justice.

This is a limited appeal by the wife from a decree of divorce in which error is urged in the property division, the amount awarded as attorneys' fees, and the amount set for child support. We reverse and remand the property division and affirm the remainder of the decree.

Carolyn Ann Delaney (Mrs. Delaney or Appellant) sued George Jerome Delaney (Mr. Delaney or Appellee) for divorce. Mr. Delaney answered with a general denial and cross acted for divorce. Following trial to the court, Mrs. Delaney was granted a divorce and custody of the children. Mr. Delaney was granted visitation rights and ordered to pay $750 monthly as child support and $2,500 as attorneys' fees. The court also divided the community property.

As part of the property division, the trial court ordered the Delaneys' community property homestead sold and the proceeds from the sale applied to the extinguishment of a variety of community debts, including a number of general unsecured debts. We sustain Mrs. Delaney's attack on the decree to the extent that the proceeds from the sale of the homestead are ordered to be applied to discharge the general unsecured debts of the marriage, as such order violates the exempt status afforded homesteads and the proceeds from their sale. *Franks v. Franks*, 138 S.W. 1110 (Tex.Civ. App.—Austin 1911, writ ref'd).

A divorce court may order partition of a community homestead, including parti-

tion by sale. *Trigg v. Trigg*, 18 S.W. 313, 317 (Tex.Sup.1891). It may not, however, order the proceeds of such a sale applied toward general debts. *Klein v. Klein*, 370 S.W.2d 769 (Tex.Civ.App.—Eastland 1963, no writ). Such an order permits general creditors to look to property previously beyond their reach, and violates the statutory protection afforded the proceeds from the sale of a homestead. Tex.Rev.Civ.Stat.Ann. art. 3834 (1966).

We sustain point of error six and remand the property division to the trial court.

The homestead was the chief asset of the community and the distribution of the proceeds from its sale was central to the property division order. Our holding that such proceeds may not be ordered applied to general debts upsets the property division scheme of the trial court, and will require the development of a new scheme. Because of this, we do not reach appellant's points of error one, two, three, four, five, seven, eight, and nine, all of which complain of aspects of the property division.

■ Although we do not rule on the matter, for the guidance of the trial court on remand we note, with respect to point of error nine, that the award of attorneys' fees in a divorce suit rests within the sound discretion of the trial court. *E. g., Wallace v. Briggs*, 162 Tex. 485, 348 S.W.2d 523 (1961). Although opinion evidence offered as to what would be a reasonable fee should be considered by the judge, he is not bound by it, and he may resort to his own experience and observations in such matters. *Hodges v. Hodges*, 207 S.W.2d 943 (Tex.Civ. App.—Fort Worth 1948, no writ); *Moore v. Moore*, 192 S.W.2d 929 (Tex.Civ.App.—Fort Worth 1946, no writ); 3 O. Speer, Marital Rights in Texas § 886 at 320 (4th ed. 1961). During the trial several of Mrs. Delaney's lawyers testified that the reasonable value of their own and each other's legal work was $10,500.00. While the trial court may not arbitrarily ignore such testimony, it is not bound by it. The judge may properly consider his own observations and experience in conjunction with the witnesses' opinions.

■ Appellant's final point of error argues that child support in the amount of $750.00 per month is inadequate. We find no abuse of discretion in setting support at that amount and overrule appellant's point of error on it.

Affirmed in part and reversed and remanded in part.

J. CURTISS BROWN, Chief Justice, dissenting.

I have reached the conclusion that I must record my dissent in this case.

Section 3.63 of the Family Code provides:
In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.

In my opinion, this provision gives the trial court authority over the entire "bundle of sticks," and it may divide the estate as it may deem just and right. This authority would extend to the homestead rights of the parties. After all, the parties are not undertaking to maintain a "homestead" but are submitting to the court a dissolution of their marriage and estate. No one would question the right of the parties to agree to sell their homestead and apply the proceeds of the sale to the payment of their debts. In this case, where there was no such agreement, I believe that the parties by their conduct submitted their homestead rights to the court for disposition.

The creditors of these parties are not before the court. Their rights are neither diminished nor enhanced by the exercise of the trial court of its power to divide the estate in accordance with law. Any benefits those creditors may derive from the division ordered by the court is only incidental and not direct. There is no violation of Tex.Rev.Civ.Stat.Ann. art. 3834. The trial court has made a reasonable requirement with respect to payment of the debts of the parties for which they each may remain liable unless those debts are paid from some of the available funds.

It is not an abuse of discretion for the trial court to require the legitimate debts of the parties to be paid out of the proceeds of the sale of their home and the remaining funds divided between them as ordered by the court.

It seems to me of utmost importance that the hands of a court not be tied by the "homestead" concept. In many cases the home is the principal, if not the only, asset of the parties. The court may not do indirectly that which it may not do directly. Therefore, the injection of "homestead" concepts into a division of property in a divorce suit may cause grave difficulties in achieving a division that is just and right.

I would affirm the judgment of the trial court.