Mary L. POSTON, Appellant,

v.

James E. POSTON, Appellee.

No. 1853.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 18, 1978.

Rehearing Denied Nov. 8, 1978.

---

George M. Bishop, Mary W. Clark, Houston, for appellant.

John Morgan, Barfield, Kinard, Kelly & Morgan, Pasadena, Lawrence Madeksho, Houston, for appellee.

**J. CURTISS BROWN, Chief Justice.**

This appeal is from a divorce decree in which the appellant was granted a divorce and certain property and debts were dealt with by the trial court as will be mentioned.

James E. Poston (appellee) sued Mary L. Poston (appellant) for divorce, alleging that the marriage had become insupportable due to conflict and discord. Appellant filed a cross-action for divorce, alleging, in addition to the above grounds, that appellee had committed adultery. Appellant, seeking to be appointed managing conservator of the couple's minor children, requested title to the family home, or, in the alternative, its use until the children reached the age of 18. The trial court, before trial, sua sponte appointed a guardian ad litem and a master of chancery. The master of chancery met briefly with the attorneys for the parties and attempted to bring about a property settlement; however there was only limited success reflected in trial stipulations.

Trial was to the court, with the parties in basic agreement as to the disposition of all property except the homestead. After hearing the testimony of the parties, the trial court appointed a receiver to sell the house and distribute the proceeds. The receiver was ordered to use the proceeds to pay off the mortgage, pay court costs over deposit, pay guardian ad litem fees, pay master in chancery fees, pay certain general creditors, and then to distribute one-half of the remainder, if any, to the appellant. Out of the appellee's one-half, the appellant's attorney was to receive attorney's fees stipulated to be $4,048.50, and the appellant was to receive one-half of any house payments not made by the appellee from the date of judgment until the house was sold. If appellee's share of the proceeds proved insufficient to pay appellant's attorney's fees, appellant's attorney was to receive 9% interest on the deficiency from the date of sale until paid.

■ Appellant perfected appeal to this court and filed notice of limited appeal. Appellant brings fifteen points of error, and in his first four points contests the propriety of the trial court's action with regard to the master in chancery. Appellant first argues that the trial court erred in appointing the master in chancery. Appellant relies on *Bell v. Bell*, 540 S.W.2d 432 (Tex.Civ. App.—Houston [1st Dist.] 1976, no writ). In *Bell* the court held that the trial court abused its discretion in appointing a master of chancery because the case was not "exceptional" as contemplated in Tex.R.Civ.P. 171. In *Bell* the parties disputed the character, community or separate, of certain property and disputed the value of the husband's business. The court held that those facts were not sufficient to warrant appointment of a master in chancery. In the case at bar, the situation is even less complicated than in *Bell*. The property here was clearly all community and the only real dispute concerned the disposition of the family home. We therefore hold that it was error to appoint the master. We also hold that it was reversible error to require the appellant to pay any part of the fees awarded to the master. The appellant neither requested nor acquiesced in the appointment. We sever this portion of the judgment and reverse and render the trial court's taxing of the fee for the master.

■ Appellant next contends that the trial court erred in determining the amount of fees due to the guardian ad litem, and further that it was error to charge the fees against the proceeds from the sale of the house. Appellant questions the legal and factual sufficiency of the evidence to support the amount of fees awarded to the guardian ad litem. Initially we note that, because the guardian ad litem is an officer of the court, the trial court is vested with broad discretion in setting his compensation. The trial court's decision as to reasonable compensation for the guardian ad litem will not be overturned unless there is a clear abuse of discretion apparent from the

record. *Coastal States Gas Producing Company v. Locker,* 436 S.W.2d 592, 596 (Tex. Civ.App.—Houston [14th Dist.] 1968, no writ); *Roberson v. Roberson,* 420 S.W.2d 495, 502 (Tex.Civ.App.—Houston [14th Dist.] 1967, writ ref'd n. r. e.). We find some evidence to support the award of fees to the guardian ad litem by his activities reflected in the record. Appellant's point of error attacking the legal sufficiency of the evidence to support the award to the guardian ad litem is overruled.

■ In considering appellant's challenge to the factual sufficiency of the evidence to support the award of $300.00 to the guardian ad litem, we note that the appellant failed timely to request findings of fact and conclusions of law and none were filed. Therefore, the record on appeal consists only of a statement of facts and the transcript. Without findings of fact, the trial court's judgment must be affirmed if it can be upheld on any legal theory supported by the evidence. *Bishop v. Bishop,* 359 S.W.2d 869 (Tex.1962). As indicated above, there is some evidence in the record to support the award to the guardian ad litem. The fact that the guardian did not testify about his services is not controlling. *Roberson, supra.* We find no abuse of discretion in awarding $300 to the guardian ad litem. Appellant's ninth point of error is overruled.

■ In point of error five, appellant asserts that it was error for the trial court to tax the fees of the guardian ad litem against the proceeds of the sale of the house because the house was the homestead of the parties. On the basis of *Delaney v. Delaney,*[1] 562 S.W.2d 494 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ history), we must agree. In *Delaney,* this court held that even when a homestead is sold by a receiver in a divorce case, the proceeds are to be accorded their exempt status. Although the issue in *Delaney* was payment to general creditors, we find no reason to distinguish fees to the guardian ad litem.

We hold that the court erred in taxing the fees of the guardian ad litem against the proceeds from the sale of the homestead. Therefore we sever this portion of the trial court's judgment and remand for taxing the cost of the guardian ad litem otherwise than from the proceeds of the sale.

■ Appellant's points of error six, seven, ten, eleven and twelve are all to the effect that the trial court erred in taxing one-half of the court costs against the appellant. Tex.R.Civ.P. 131 provides that costs of Court are to be taxed to the losing party, whereas Rule 141 provides that the trial court may otherwise tax cost based on good cause shown in the record. Tex.R. Civ.P. 131, 141. Although we agree that had appellant been the only successful party below, it would have been improper to tax her with costs absent a showing of good cause, we do not agree that appellant was entirely successful below. In her petition appellant sought to keep the house and she sought higher child support payments than she received. Therefore, the appellant was not the only successful party to the action and we find no abuse of discretion in taxing the costs of the suit equally between the parties. *Walker v. Showalter,* 503 S.W.2d 624, 627 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ). Consequently, we overrule appellant's points of error six, seven, ten, eleven and twelve.

■ In point of error fourteen, appellant maintains that the trial court erred in allowing interest on the attorney's fees to appellant's attorney at the statutory rate only if there was a deficiency from the proceeds of the house, and in ruling that the interest run from the date of sale of the house. We agree. Article 5069–1.05, Tex. Rev.Civ.Stat.Ann. provides that "[a]ll judgments of the courts of this State shall bear interest . . . from and after the date of judgment." We construe that article as mandatory, and, because the award of attorney's fees is part of the judgment, we

---

1. The writer dissented in *Delaney* but, of course, now yields to the authority of that opinion.

hold that appellant is entitled to 9% on the award of attorney's fees from the date of judgment. The trial court's ruling on this point is modified to reflect 9% interest from the date of judgment on attorney's fees awarded to appellant's attorney.

 Appellant, in point of error fifteen, urges that it was error for the trial court to waive bond for the receiver. Appellant attempts to show that Tex.R.Civ.P. 695a conflicts with Tex.Rev.Civ.Stat.Ann., art. 2296. Rule 695a allows the trial court to waive a receiver's bond in divorce cases, whereas article 2296 requires all receivers to post a good and sufficient bond in an amount approved by the court. Appellant has offered no cases in support of her contention, and we have found none. We see no conflict in the two provisions because the statute vests broad discretion in the trial court concerning the amount of bond posted. It is not inconsistent with such broad discretion for the rule to further allow the trial court to find that no bond is required. *Cline v. Cline*, 323 S.W.2d 276 (Tex.Civ.App. —Houston 1959, writ ref'd n. r. e.). Appellant's fifteenth point of error is overruled.

Appellant's remaining points have been considered and are overruled.

Having sustained appellant's point of error number one, we sever, and reverse and render that portion of the judgment that taxes any part of the master in chancery fees against the appellant. We also sever, and reverse and remand that portion of the judgment charging the fees of the guardian ad litem against the proceeds of the sale of the homestead. We modify the judgment to reflect 9% interest from the date of the judgment on the attorney's fees awarded to appellant's attorney. The remainder of the trial court's judgment is affirmed.

Reversed and rendered in part; reversed and remanded in part; modified and affirmed in part. Costs of this appeal are taxed against appellant.