**Joseph H. FROST, Edith Keator Frost, et al., Appellants,**

v.

**Marianna P. FROST, Appellee.**

**No. 04–84–00141–CV.**

Court of Appeals of Texas, San Antonio.

June 26, 1985.

Rehearing Denied Aug. 2, 1985.

James D. Stewart, Kirk Patterson, Stewart, Hemmi & Pennypacker, Oliver S. Heard, Sr., San Antonio, for appellants.

Solomon Casseb, Jr., Casseb, Strong & Pearl, Jack Paul Leon, Samuel H. Bayless, Leon & Bayless, San Antonio, for appellee.

Before ESQUIVEL, BUTTS and REEVES, JJ.

BUTTS, Justice.

Appellants Joseph H. Frost and the children of Joseph and Marianna Frost (Edith Keator Frost, Lucie Herff Frost, John Houston Frost and Lilly Genelle Frost, minor children) appeal solely from that part of the trial court judgment awarding referee Joe Frazier Brown a fee of $13,500 to be paid equally by the three parties. The other party, appellee Marianna Frost, does

not challenge her third of the fee ($4,500). We affirm.

Joseph and Marianna were divorced June 30, 1980. The divorce decree gave rise to five other causes of action between the parties which were resolved by a Memorandum Agreement dated November 1983 (hereinafter called memo). The trial court orally rendered the memo as the judgment of the court on November 14, 1983, and instructed the attorneys for the parties to draw up a written judgment.

A portion of the memo provided that Joe Frazier Brown be appointed as referee and an appropriate fee be set by the court. His task was to oversee and supervise the distribution of items of personalty, including jewelry, household furnishings and cash payments between the parties:

\* \* \* \* \* \*

At the time of closing, which shall all occur on or before December 1, 1983, the referee will distribute the various checks and assign the warehouse receipts and will order the trustees hereinafter designated to distribute and furnish to their respective beneficiaries the items of gems and jewelry that they are holding in their possession. *The referee to be appointed by the Court is Joe Frazier Brown, and an appropriate fee for his services will be assessed by Judge Truman E. Roberts and the fee for such services will be apportioned equally between the parties, with Joseph H. Frost paying one-third (⅓), the children, represented by their guardian and attorney ad litem, and the Frost National Bank will pay one-third (⅓) and Marianna P. Frost will pay one-third (⅓) of the fees for the referee. No bond shall be required of the referee.* [Emphasis ours.]

In its judgment of December 15, 1983, the trial court incorporates the memo along with the referee's report and sets the referee's fee:

\* \* \* \* \* \*

The Court further finds that the Referee, JOE FRAZIER BROWN, hereto-

fore appointed by the Court, has performed and rendered the services required by the Court, and same is contained in his Report filed in this cause, which Report is herein adopted for all intents and purposes and incorporated herein as if fully set out herein and the Court, accordingly, accepts and approves said Report in its entirety.

It is, accordingly, further ORDERED by the Court that the Referee's Report be, and the same is hereby accepted and approved and said Referee is, accordingly, released from any further duties in this cause. The Court finds that the parties in the Settlement Agreement agreed to the appointment by the Court of the said JOE FRAZIER BROWN as said Referee, and also agreed therein that an appropriate fee for his services would be assessed by this Honorable Court, and further that such fee would be apportioned equally between the parties, with JOSEPH H. FROST paying one-third (⅓), the children represented by their Guardian Ad Litem and the FROST NATIONAL BANK paying one-third (⅓), and MARIANNA P. FROST paying one-third (⅓). *The Court further finds that the parties cannot agree upon the amount of the fee for the Referee's services, and the Court, accordingly, pursuant to said Agreement which had previously been approved by the Court and rendered as the Judgment of the Court herein, assesses the appropriate fee for the services of said Referee,* to wit: JOE FRAZIER BROWN, at THIRTEEN THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($13,500.00), and herein ORDERS said sums paid to JOE FRAZIER BROWN as hereinafter set out. [Emphasis ours.]

\* \* \* \* \* \*

At the request of appellants, the trial court filed findings of fact and conclusions of law only as to that portion of the judgment awarding the fee to the referee. The relevant findings of fact follow:

\* \* \* \* \* \*

5. After receipt of the report, the Court proceeded to determine and award an appropriate fee to the referee for his services in the amount of $13,500.00.

6. In arriving at such fee, the Court considered: A) the value of the property in issue; B) the unique character of the individual items of property in issue; C) the conflicting claims of the parties as to their rights to the articles and values of such articles in issue; D) the responsibility of the referee to be the final authority to determine and resolve all of the above matters including the division of such property into lots, the existence and condition of the various items of property and the value of such items and to prescribe and obtain the documentation necessary to conclude the various lawsuits; E) the responsibility of promptly concluding the outstanding matters wihtout [sic] added expense to the parties caused by further and unnecessary delays; F) the character, reputation for integrity, judicial experience, temperament and other special expertise of the person selected by the parties and appointed by the Court as referee; G) the value of the services performed by the referee to the parties; H) the work performed by the referee not only as to time required to perform the specific task but also relating to the years of experience in gaining the knowledge and developing the expertise required to properly accomplish the duties performed by the referee.

7. In considering the fee awarded to the referee, the Court received and considered recommendations from each of the parties, however, the Court did not set the fee on the basis of such recommendations but set it in the exercise of the Court's independent judicial discretion based upon the aforestated matters.

\* \* \* \* \* \*

 Appellants do not specifically challenge the findings of fact. Such findings have the same force and effect as jury answers to special issues and are treated with the same dignity on appellate review. 4 R. McDONALD, TEXAS CIVIL PRAC-

TICE § 16.05 (rev. 1971). Although unchallenged findings are binding on appeal, *Whitten v. Alling & Cory Co.*, 526 S.W.2d 245, 248 (Tex.Civ.App.—Tyler 1975, writ ref'd), we will nevertheless consider appellants' five points of error.

All the points center on the purported excessiveness of the fee of the referee. In points of error one and two, appellants contend there was an abuse of discretion because there was no evidence or insufficient evidence to sustain the award of the referee's fee. In the third point appellants argue the referee, who is not a party to the suit, can be awarded no fee. In four, appellants contend their motion for continuance for an evidentiary hearing on the referee's fee should have been granted. Last, appellants insist that they should have been afforded the right to an evidentiary hearing or a trial by jury solely on the referee's fee.

■■■ In deciding a no evidence point, which is a question of law, we may consider only that evidence and the reasonable inferences therefrom which, when viewed in its most favorable light, support the court finding and we must reject all evidence or reasonable inferences to the contrary. *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400, 401 (Tex.1981). After deciding a no evidence point, the court then considers the insufficient evidence point by examining all of the evidence. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

In viewing the evidence under the no evidence standard, we find that all parties to the memo agreed to the appointment of a referee to settle outstanding differences, and that the referee's report and memo were subsequently incorporated by reference into the trial court's judgment. Clearly no one challenges the appointment of a referee to which all parties agree; merely, the fee. TEX.R.CIV.P. 171 provides:

\* \* \* \* \* \*

The court shall award reasonable compensation to such master to be taxed as costs of the suit.

■■■ The memo provides that the referee be paid an appropriate fee. We find that under the facts of this case, "appropriate" is synonomous with "reasonable," mandated by the rules. Additionally, the fee awarded the master will be reversed only on a showing of a clear abuse of discretion. *Mann v. Mann*, 607 S.W.2d 243, 246 (Tex.1980); *Texas Banks & Trust Co. v. Moore*, 595 S.W.2d 502, 511 (Tex. 1980). Further an agreed judgment, as here, is accorded the same degree of finality and binding force as a final judgment rendered at the conclusions of an adversary proceeding. *McCray v. McCray*, 584 S.W.2d 279, 281 (Tex.1979).

■■■ Appellants equate a referee's fee with an attorney's fee. They are not the same. Although referee Brown is an attorney, he acted in the capacity of a referee in this dispute. The stringent requirements of proof of an attorney's fees have no place in the determination of a referee's or master's fees. A referee's documentation of hours expended is not the sole consideration. More than the input of hours is involved here. This referee lent his prestige and stature to the settlement of this dispute. The parties agreed they all had confidence in his integrity.

■■■ This is not to say a point could never be reached where this court might find a referee's fee unreasonable. However, in light of the entire estate, undisputably worth millions of dollars, we find that the sum of $13,500 as the fee of the referee represents no abuse of discretion which would require a reversal. We find the evidence legally sufficient to sustain the judgment. Point of error one is overruled.

In reviewing the evidence under the factual sufficiency standard, we find the record reflects that at the time judgment was entered, appellants objected to the trial court's failure to grant a motion for continuance (referee Brown was out of town and unavailable to testify regarding a fee). At that time there could be no evidentiary hearing or trial by jury concerning the referee's fee. Appellants, after entry of judg-

ment, obtained affidavits of their own attorneys indicating the nature and extent of work performed by the referee.

The unchallenged affidavits of those attorneys present an estimate that the referee expended approximately nine hours to finalize settlement of the dispute. On December 1, 1983, under the referee's direction, the parties drew lots in the referee's office to decide the distribution of valuable pieces of jewelry. On December 2, 1983, the parties, attorneys and referee met at the Trust Department of the Frost National Bank to distribute the jewelry and cashier's checks. The jewelry and cashier's checks were exchanged under the direction of the referee.

Attorney James Stewart's deposition in pertinent part reveals his point of view:

During the conference on December 2, 1983, it was discussed by the attorneys representing the respective parties what a reasonable fee should be to pay to Joe Frazier Brown for the services he rendered. I was of the opinion that based upon the amount of time Mr. Brown had expended, that he did not have to resolve any disputes between the parties or make any decisions, and the fact that he did not have in his actual possession any of the properties to be divided between the parties, a reasonable fee or a fee that would be more than fair would be to find out the number of hours he spent and what his hourly rate was and to pay him two or three times his hourly rate. Both Mr. Frost and myself were shocked when later that day the figure of $15,000.00 was suggested. Mr. Frost stated that he felt that $15,000.00 was outrageous and that he would not agree to that.

■■■ That the referee did not testify about his services is not controlling. *See Poston v. Poston*, 572 S.W.2d 800, 802 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ). It is emphasized that a trial court need not hear evidence on a referee's fee. *Roberson v. Roberson*, 420 S.W.2d 495, 502

(Tex.Civ.App.—Houston [14th Dist.] 1967, writ ref'd n.r.e.). Logically, one cannot challenge the factual sufficiency of the evidence when no evidence is required. Since evidence to determine the referee's fee is not required, failure to grant a motion for continuance for the purpose of hearing evidence was not error. Points of error two, four and five are overruled.

■■■ Point of error three (that the referee must be a party to the suit in order to be awarded a fee) is without merit. The memo specifically stipulated that the parties agreed that the court would appoint a referee, namely, Brown, and they agreed to divide the cost of his fee equally. TEX.R. CIV.P. 171 provides for procedures whereby a trial court, in exceptional cases, may appoint a referee. No rule of civil procedure has been cited nor has one been found requiring that a referee be a party in a case in order to receive a fee. Point of error three is overruled.

Finding no abuse of discretion by the trial court in awarding the referee's fee, we accordingly affirm that part of the judgment.

REEVES, Justice, dissenting.

I respectfully dissent.

Some background facts are necessary. After the property had been divided, the parties and their attorneys could not agree on the amount of a fee to be paid the referee. On December 5, 1983, the parties and their attorneys appeared before the trial judge; the referee was also present. Appellants' attorney requested a hearing as to an appropriate fee to be paid to the referee.

The court refused to conduct a hearing at that time. Appellants' attorney was shown the referee's report and a proposed judgment, but did not have an opportunity to study the instruments as the judge required their return upon termination of the conference. On the afternoon of December 10th or 13th [1] appellants' attorney received

---

1. The narration of the facts in this dissent is from the affidavits attached to appellants' Motion for Partial New Trial. The affidavit of B. Frank Pennypacker, appellants' attorney's law

a call notifying him that a hearing would be held for entry of the judgment at 9:30 a.m. on December 15, 1983. Appellants' attorney unsuccessfully attempted to subpoena the referee.

The hearing was held on December 15th, at which time appellants' attorney filed a motion for a continuance due to the absence of the referee. The trial judge refused the motion and entered judgment awarding the referee a fee of $13,500.00.

I am of the opinion that the trial court abused its discretion when it did not permit some type of evidentiary hearing as to the reasonableness of the referee's fee. I cannot comprehend how the majority can find evidence to support the trial court's decision as to the reasonableness of the referee's fee. The "Referee's Report" was hearsay; it was objected to by appellants' attorney.

I am well aware that the trial court has broad discretion in setting compensation for the referee and the award will not be disturbed unless there is a clear abuse of discretion apparent from the record. *Poston v. Poston*, 572 S.W.2d 800, 802–03 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ); *Roberson v. Roberson*, 420 S.W.2d 495, 502 (Tex.Civ.App.—Houston [14th Dist.] 1967, writ ref'd n.r.e.). In the above two cases, the court awarded fees without a formal hearing. In *Poston*, the court found some evidence to support the award of the guardian ad litem fees by his actual activities reflected in the record. In *Roberson*, evidence reflected that the master held numerous hearings, examined many witnesses and held conferences with attorneys and various expert witnesses, all of which was apparent from the record. In contrast, the services performed in this case, for the most part, were performed by the referee outside the presence of the court.

At every trial, our judicial system as well as the controversy between the parties is on trial and the trial court should be constantly aware of such scrutiny. While it is true a trial court labors under a heavy docket, the litigant whose cause is under the court's consideration demands and deserves the full panoply due all who turn to the legal system.

The appellant should have had the opportunity to examine the referee as to what he had done to earn the fee appellant was obligated to pay. The hearing could have been abbreviated, but it should have taken place.

I would reverse and remand for a hearing on the referee's fee.

partner states the trial judge contacted Mr. Stewart on December 10th while appellants' attorney, James D. Stewart's statement states the trial judge telephoned him on December 13th.