Tschirhart 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-309-CV





JAMES LOUIS TSCHIRHART,



 APPELLANT


vs.





SUZANNE C. TSCHIRHART,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT



NO. 91-17013, HONORABLE PAUL R. DAVIS, JUDGE PRESIDING



 




I. INTRODUCTION



 This is an appeal from the trial court's disposition of community property in a
divorce action. James Tschirhart, appellant, asserts that (1) the division of property was
inequitable, manifestly unjust, and unduly favorable to Suzanne Tschirhart, appellee, and (2) the
community homestead was erroneously encumbered. We will modify the trial court's judgment
in part and, as modified, affirm it.


II. FACTUAL AND PROCEDURAL BACKGROUND


 James and Suzanne Tschirhart were married on November 25, 1972. James owned
several pieces of property before the marriage. During the marriage, James retained some of
these properties and sold others, contributing the proceeds to the community estate. James
supported the family with real estate rental properties and other business ventures. Suzanne
helped James in these pursuits. James and Suzanne had one child, whose custody and support are
not at issue in this appeal.

 In November 1991 James suspected Suzanne of having an extramarital affair;
shortly thereafter, on December 5, 1991, James filed for divorce on the grounds of
insupportability and adultery and petitioned the court for a disproportionate share of the
community estate. Suzanne filed an answer and a counterclaim for divorce, alleging
insupportability and cruel treatment. Suzanne also petitioned for a disproportionate division of
the community estate and asserted community claims for reimbursement of funds and community
time and effort expended to enhance James's separate property. Additionally, Suzanne asserted
a tort claim for damages under chapter 123 of the Civil Practice and Remedies Code, alleging that
James had intercepted her communications with third parties. After a bench trial, the trial court
signed the final decree of divorce, which granted the divorce on the grounds of insupportability,
divided the community property, and provided for conservatorship and support of the parties'
child. No findings of fact or conclusions of law were requested or filed.

 James attacks the decree in four points of error. In his first three points of error,
he complains of the trial court's division of the parties' community property. He asserts that the
trial court abused its discretion because (1) the disposition is inequitable and manifestly unjust;
(2) there is no evidence or, in the alternative, insufficient evidence to support the trial court's
conclusion that the disposition is just and right, or that it is fair and equitable; and (3) the
conclusion that the disposition is just and right, or fair and equitable, is against the great weight
and preponderance of the evidence. In his fourth point of error, James asserts that the trial court
erroneously encumbered his homestead to pay an unsecured creditor and erroneously ordered that
the proceeds of the sale of the homestead be used to pay that creditor.


III. EVIDENCE


 We first address a threshold evidentiary issue. In his brief to this Court, James
relies, in part, on values he placed on property in his sworn inventory and appraisement. 
Although the inventory was filed with the district clerk, it was never introduced into evidence at
trial. Suzanne contends that, because it was not admitted into evidence, we may not consider
James's inventory as evidence of the values of the community property.

 Two other courts of appeals have addressed the issue of whether an inventory filed
with the clerk but not admitted into evidence at trial may be considered on appeal. The Tyler
Court of Appeals has analogized inventories to written interrogatories and held that an inventory
must be admitted into evidence to be considered on appeal. See Poulter v. Poulter, 565 S.W.2d
107, 110 (Tex. Civ. App.Tyler 1978, no writ); Bokhoven v. Bokhoven, 559 S.W.2d 142, 143-44
(Tex. Civ. App.Tyler 1977, no writ). The First Court of Appeals in Houston, however, reached
the opposite conclusion. That court held that where the trial court's conclusions of law refer to
an inventory not admitted into evidence, the inventory may be considered as evidence because the
trial court could have taken judicial notice of it. Vannerson v. Vannerson, 857 S.W.2d 659, 670-71 (Tex. App.Houston [1st Dist.] 1993, writ denied).

 We decline to follow Vannerson. We agree that a court may take judicial notice
of its own records. However, judicial notice usually is limited to matters that are generally known
or easily proven and that cannot reasonably be disputed. See Tex. R. Civ. Evid. 201. That is,
a court may take judicial notice that a pleading has been filed in the cause, Gardner v. Martin,
345 S.W.2d 274, 276 (Tex. 1961), or of the law of another jurisdiction, Tex. R. Civ. Evid. 202. 
A court may not, however, take judicial notice of the truth of allegations in its records. See In
re MCorp Fin., Inc., 137 B.R. 219, 229 (Bnkr. S.D. Tex. 1992). The court in Vannerson cited
Smith v. Smith, 757 S.W.2d 422, 426 (Tex. App.Dallas 1988, writ denied), as support for its
conclusion that the trial court can take judicial notice of an inventory not admitted into evidence. 
Smith, however, stands only for the proposition that a trial court may, in determining the
reasonableness of attorney's fees, take judicial notice of the contents of its files. 757 S.W.2d at
426. We agree with Smith and note that the Civil Practice and Remedies Code expressly
authorizes such action in certain circumstances. See Tex. Civ. Prac. & Rem. Code Ann.
§§ 38.003 (presuming, for certain claims, that usual and customary attorney's fees are
reasonable), 38.004 (authorizing court, in certain circumstances, to take judicial notice of usual
and customary attorney's fees and contents of case file) (West 1986). However, we do not agree
that Smith can be extended to allow a court to take judicial notice of the truth of statements in an
inventory filed in a divorce proceeding.

 We believe an inventory and appraisement is analogous to a pleading. (1) In James's
inventory, the properties of the parties are characterized as community or separate and are listed
along with accompanying values. Although the inventory is sworn, it provides no basis for the
property valuations. Furthermore, absent introduction of the inventory into evidence, cross-examination regarding its contents may be overlooked entirely or, if conducted, may be of limited
value. We hold that unless a party's inventory is formally admitted into evidence at trial, that
party may not rely on the inventory as evidence on appeal. Accordingly, we will not consider
James's inventory as evidence of property values.

 James also asks this Court to consider statements in the "proposed disposition of
issues"often referred to as "pretrial statements"prepared by each party. Like James's
inventory, these pretrial statements were not introduced into evidence at trial. Furthermore,
although trial was held February 2-4, 1993, and the decree was signed March 5, the pretrial
statements were not filed with the district clerk until August 25, 1993, after the statement of facts
and transcript had been filed in this Court. The pretrial statements are included in a supplemental
transcript received by this Court on August 27, 1993. Because they were not introduced into
evidence, however, we will not consider them.


IV. DIVISION OF COMMUNITY PROPERTY


 In his first three points of error, James asserts that the trial court's division of
community property is inequitable and manifestly unjust and that the evidence is legally and
factually insufficient to support the trial court's division. We disagree. The trial court has wide
discretion in dividing the community property in a divorce, and we presume the trial court
exercised that discretion properly. Murff v. Murff, 615 S.W.2d 696, 698-99 (Tex. 1981). In our
review, we bear in mind the following rules:


The trial court in a divorce case has the opportunity to observe the parties on the
witness stand, determine their credibility, evaluate their needs and potentials, both
social and economic. As the trier of fact, the court is empowered to use its legal
knowledge and its human understanding and experience. Although many divorce
cases have similarities, no two of them are exactly alike. Mathematical precision
in dividing property in a divorce is usually not possible. Wide latitude and
discretion rests in these trial courts and that discretion should only be disturbed in
the case of clear abuse.


Id. at 700. Accordingly, we will reverse a trial court's division of property only on a clear
showing of abuse of discretion. Id. at 698.

 In reviewing a trial court's judgment for abuse of discretion, we look to see
whether the court acted without reference to guiding rules or principles. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986). 
Stated somewhat differently, we must determine whether the trial court acted in an unreasonable
or arbitrary manner. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991). We
may not reverse for abuse of discretion merely because we disagree with the trial court's decision,
if the decision was within the trial court's discretionary authority. Id.

 Because no findings of fact or conclusions of law were requested or filed, we must
affirm the judgment if it can be upheld on any legal theory supported by the evidence. In re
W.E.R., 669 S.W.2d 716, 717 (Tex. 1984). All necessary fact findings in support of the trial
court's judgment are implied. Id.

 In making its division of the parties' community property, the trial court is directed
to "order a division of the estate of the parties in a manner that the court deems just and right,
having due regard for the rights of each party and any children of the marriage." Tex. Fam. Code
Ann. § 3.63 (West 1993). Thus, the trial court is given wide discretion in making such a
division. Murff, 615 S.W.2d at 698. The trial court is not required to divide the community
property equally. Id. at 699; Finch v. Finch, 825 S.W.2d 218, 222 (Tex. App.Houston [1st
Dist.] 1992, no writ). Instead, the trial court may consider many factors, including fault in the
breakup of the marriage, disparity in earning capacities or incomes, spouses' capacities and
abilities, benefits which a party not at fault would have derived from continuation of the marriage,
business opportunities, education, relative physical conditions, relative financial condition and
obligations, disparity of ages, size of separate estates, and the nature of the property. Murff, 615
S.W.2d at 698-99; Finch, 825 S.W.2d at 222.

 In the present case, the trial court listed specific property awarded to each party in
its decree; however, the court did not include the values it placed on that property. We must
presume that the trial court did not abuse its discretion, and we must uphold the judgment on any
legal theory supported by the evidence. Murff, 615 S.W.2d at 699; W.E.R., 669 S.W.2d at 717. 
Accordingly, where the record contains disputed values, we will presume the trial court valued
the property in the amount most favorable to its judgment.

 Our review of the trial court's judgment, using the most favorable evidence for
property values, (2) reflects that James received community property with a net value of
approximately $170,000, or about 45% of the community estate. James was awarded several
undeveloped properties, 60% of the homestead, the businesses, his personal effects, his
automobiles, and associated debts. Suzanne received community property with a net value of
approximately $210,000, or about 55% of the community estate. Suzanne was awarded several
income-producing properties, 40% of the homestead, her personal effects, her automobile, and
associated debts.

 The evidence at trial revealed that, compared with Suzanne, James had a greater
earning capacity and income, more business opportunities, a higher level of formal education, and
a valuable separate estate. The trial court granted the divorce on no-fault grounds of
insupportability. When we consider the division of property in light of this evidence and the
nature of the property awarded to each party, we cannot say that the trial court abused its
discretion. (3) We overrule James's first point of error.

 In his second and third points of error, James appears to argue that because the
record is silent as to the values of some of the community property, there is no evidence or
insufficient evidence to support the trial court's division, at least in part, and the division thus
automatically constitutes an abuse of discretion. In response, Suzanne asserts that James must
point to evidence of the value of every community asset in order to show an abuse of discretion.

 In reviewing a property division under an abuse of discretion standard, we will
examine the division as a whole, considering the value of the community estate. However,
community property values are not essential to an appellant's right of action. Finch, 825 S.W.2d
at 221. "The values of the properties are evidentiary to the ultimate issue of whether the trial
court divided the properties in a just and right manner." Id.

 Each party in a divorce proceeding has a burden to present sufficient evidence of
the value of the community estate to enable the trial court to make a just and right division. Id.;
Wallace v. Wallace, 623 S.W.2d 723, 725 (Tex. Civ. App.Houston [1st Dist.] 1981, writ
dism'd). An appellant who does not provide property values to the trial court cannot complain
on appeal of the trial court's lack of complete information. LeBlanc v. LeBlanc, 761 S.W.2d 450,
452-53 (Tex. App.Corpus Christi 1988), writ denied per curiam, 778 S.W.2d 865 (Tex. 1989). 
Instead, a party complaining of a property division "must be able to show from the evidence in
the record that the division is so unjust and unfair as to constitute an abuse of discretion." Finch,
825 S.W.2d at 221 (emphasis added); see also Magill v. Magill, 816 S.W.2d 530, 534 (Tex.
App.Houston [1st Dist.] 1991, writ denied) ("Without recorded property values and factual
findings, we presume that the trial court properly considered the entire circumstances of the
parties and correctly exercised its discretion in dividing their property.").

 The record in the present case contains extensive testimony concerning fault in the
breakup of the marriage, disparity in earning capacities or incomes, James's and Suzanne's
capacities and abilities, benefits that the party not at fault would have derived from continuation
of the marriage, business opportunities, education, relative physical conditions, relative financial
condition and obligations, disparity of ages, size of separate estates, and the nature of the
property. The record also includes values for most of the parties' community and separate
property. We conclude there was legally and factually sufficient evidence from which the trial
court could have made its division. With regard to the division actually made, James has not
shown from the evidence in the record that the trial court abused its discretion. We overrule
James's second and third points of error.


V. ENCUMBRANCE OF HOMESTEAD


 In his fourth point of error, James asserts that the trial court erroneously
encumbered his homestead to pay an unsecured creditor and erroneously ordered that the proceeds
of the sale of the homestead be used to pay that unsecured creditor. James argues that, because
the homestead was the chief asset of the community, we must reverse the division of property in
its entirety and remand the cause to the trial court. See, e.g., Jacobs v. Jacobs, 687 S.W.2d 731
(Tex. 1985); Delaney v. Delaney, 562 S.W.2d 494 (Tex. Civ. App.Houston [14th Dist.] 1978,
writ dism'd).

 The trial court ordered that the community homestead be listed for sale on the
earlier of thirty days after it ceases to be the principal place of abode of the parties' child or thirty
days after the child graduates from high school. The court directed that the sales proceeds be
distributed as follows:


1. Pay the balance due and owing on that one certain promissory note in the
original principal amount of $100,000.00, dated March 10, 1983 . . . . The
Court finds that at the present time the balance owing on said note is
$50,000.00


2. Sixty percent (60%) to James Louis Tschirhart as his sole and separate
property; . . .


3. Forty percent (40%) to Suzanne C. Tschirhart.


 In a divorce proceeding, a trial court cannot order a homestead sold and the
proceeds paid to unsecured creditors. Mallou v. Payne & Vendig, 750 S.W.2d 251, 257 (Tex.
App.Dallas 1988, writ denied). James asserts that the trial court erred by ordering him to use
the proceeds from the homestead sale to pay the note. Suzanne argues that the trial court could
have implicitly found that the note was for purchase money for the homestead or for a home
improvement debt. Both types of debt may properly encumber a homestead. See Tex. Const. art.
16, § 50; Tex. Prop. Code Ann. § 41.001 (West Supp. 1994).

 Our review of the record reveals that, although there is evidence that some of the
proceeds of the note were used to construct the house, there is no evidence that the debt was
secured by the homestead. Furthermore, we can find no evidence in the record from which it can
be inferred that a lien was intended. See, e.g., McGoodwin v. McGoodwin, 671 S.W.2d 880
(Tex. 1984) (court found vendor's lien arose by implication). As a general rule, "one who lends
money on an unsecured promissory note has no equitable lien upon property improved, preserved,
or purchased by the borrower, with the funds thus obtained." Batson v. First Nat'l Bank, 60
S.W.2d 551, 553 (Tex. Civ. App.Waco 1933, writ dism'd). Thus, we conclude that the trial
court erred in encumbering the homestead by ordering that the proceeds of its sale be used to pay
the balance on the note. James's fourth point of error is sustained.

 We do not agree, however, that this error affects the just and right division of the
parties' property and requires reversal of the entire property division. The judgment reflects that
the homestead and the note in question were divided between the parties, sixty percent to James
and forty percent to Suzanne. James complains of the encumbrance placed on the homestead by
the order that the homestead sales proceeds be used to pay the note. Accordingly, we modify the
judgment to reflect that James is ordered to pay 60% of the remaining balance of the note, and
Suzanne is ordered to pay 40% of that balance; we further modify the judgment by deleting that
part of the judgment requiring that the homestead sale proceeds be used to pay the note.


VI. CONCLUSION


 We modify the trial court's judgment to reflect that appellant, James Louis
Tschirhart, is ordered to pay 60% of the $50,000 balance remaining on the March 10, 1983,
promissory note in the original amount of $100,000, and appellee, Suzanne C. Tschirhart, is
ordered to pay 40% of the balance. We further modify the trial court's judgment by deleting that
part of the judgment requiring that the proceeds from the sale of the parties' homestead be used
to pay the note. As so modified, we affirm the trial court's judgment.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones, and Kidd

Modified and, as Modified, Affirmed

Filed: April 20, 1994

Publish Parts I, II, III, and VI; Do Not Publish Parts IV and V
1. Texas Rule of Civil Procedure 45 provides, in part, that "[p]leadings in the district
and county courts shall (a) be by petition and answer; (b) consist of a statement in plain
and concise language of the plaintiff's cause of action or the defendant's grounds of
defense." Because an inventory and appraisement is not a petition or an answer, and
because it does not state a cause of action or defense, it is technically not a "pleading." 
Like pleadings, however, inventories may constitute judicial admissions. Roosevelt v.
Roosevelt, 699 S.W.2d 372, 374 (Tex. App.El Paso 1985, writ dism'd). A judicial
admission establishes the issue in dispute as a matter of law on behalf of the adversary of the
one making such admission. Id. The party making a judicial admission may not introduce
evidence contrary to the admission. Id.
2. These values are based on evidence of the property and debt values we have found in
the record. We note that the record contains no values for some of the properties and
debts that are listed in the judgment.

 For each property or debt listed in the judgment, we presume that the trial court
found that the property had a value or that the debt existed. We note that, for some of
the property and debt, the valueand in some cases even the existencewas challenged,
although an alternative value was not offered.

 We also presume that the trial court made no awards other than those listed in its
judgment. For example, both parties assert on appeal that the trial court could have
awarded them an amount for reimbursement claims. Neither party, however, brings a
point of error complaining that the trial court's failure to make such an award would
have been against the great weight and preponderance of the evidence or that
reimbursement was established conclusively.
3. We note that even if we were to consider the values set forth in James's inventory
and the proposed disposition of issues, we would conclude that the trial court did not
abuse its discretion in dividing the parties' community property.