Marilyn O. MANN

v.

Horace M. MANN.

No. 8283.

Court of Civil Appeals of Texas, Beaumont.

Oct. 25, 1979.

Rehearing Denied Nov. 29, 1979.

John L. Russell, Houston, W. Tyler Moore, Jr., Bryan, for appellant.

H. L. Tindall, Ben. L. Aderholt, Houston, for appellee.

KEITH, Justice.

This is an appeal from a divorce decree and the wife confines her complaints to the property division made by the trial court. We have a tremendous record so that our summary of the facts must be severely limited in order to keep this opinion within reasonable lengths.

However, several remarkable facts emerge from a review of the record. The parties were married on July 3, 1975, separated on August 15, 1976.[1] During the existence of the marriage, the parties did not acquire any real property, stocks, bonds, automobiles, or anything of value except the business inventory of Mann Warehouses.

Notwithstanding the fact that the wife paid a jury fee on October 6, 1976, the Court appointed an auditor, a master in chancery, a co-master in chancery, and a receiver. The fees charged against the husband in this remarkable exercise of judicial discretion are set out in the margin.[2]

Notwithstanding the pre-trial maneuverings with the host of legal functionaries, the case was presented to a jury upon twenty-five special issues, almost all of which were answered in favor of the husband and adversely to the wife.

Although the trial court asked that counsel for the parties file their suggested plan of division of the property rights, and each did so, the court did not follow either plan precisely. Upon appropriate motion, the court entered judgment which, basically, followed the jury verdict, divided the community property among the parties, and awarded the various aides of the court their fees and expenses. All of the obligations impressed on the husband were secured by a lien upon the Irish Belleek china collection which was impounded pending the payments ordered made in the judgment.[3] The wife has assigned fourteen points of error in a brief containing 144 pages, not counting two appendices attached thereto. Additionally, she has filed a 52 page reply brief complete with its own appendix.

On this appeal, each party asserts, with a great show of strength, that the trial court awarded the other party a disproportionate part of the property. For instance, the husband argues that the wife received property worth $74,180.00 while he received only $8,152.66. On the other hand, in her supplemental brief, the wife argues that the husband received 101% of the property while she was awarded–1% thereof, her evaluations shown in her brief being: Husband, $1,150,688.47; Wife, minus $14,770.00. It is obvious that neither counsel is precisely accurate in his representation of the record.

We have given careful consideration of this mass of material in our effort to determine if the trial court strayed from the path charted for its guidance in the statutes and decisions of this State governing the partition of property among spouses engaged in a divorce proceeding. After a review of such authorities and the record in this case, we do not find an abuse of discre-

---

1. The husband had parked his T–Bird automobile at the Houston Airport while he went to California on business. The wife procured possession thereof through a ruse; she then removed practically all of the furniture from the residence occupied by the parties, and took a valuable collection of Irish Belleek china claimed by the husband to be his separate property. After having accomplished her own partition of the property, she sued for divorce on September 20. She is still driving the husband's car.

2. Auditor: $2,619.30; Master in Chancery: $13,705.91; Co-Master in Chancery: $9,000.00; Wife's Attorney's fees and expenses: $19,500.00. Additionally, the wife received $22,500.00 as alimony pendente lite.

3. Husband has attempted, upon several occasions during the pendency of the appeal, to substitute collateral for the china collection or to pay off the monetary awards so as to procure the release of the collection. While the wife has appealed upon a cost bond of $500 without supersedeas, the threat of mandamus proceedings has prevented husband from obtaining possession of his china collection. All such prohibitory rulings relating to the payment or discharge of the china collection are now vacated and dissolved as of the date of the filing of this opinion. If additional restraint is to be secured, it must be from some other court of competent jurisdiction.

tion and deny the wife the relief which she seeks.

In *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex. 1974), the Court set out the statute and the rule governing the question now before us, saying:

> "Section 3.63, Family Code, V.T.C.A., formerly Article 4638, provides that:
>
> > 'In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.'
>
> Texas courts have held that such division does not have to be equal, and appellate courts have held it must be presumed that the trial court exercised its discretion properly, and that a case should be reversed only where there is a clear abuse of discretion. In the case of *In re Marriage of McCurdy*, 489 S.W.2d 712 (Tex. Civ.App.—Amarillo 1973, writ dism.), the court held that equity required an unequal division of the community property be made. It is well established that Texas divorce courts are given wide discretion in making division of the property of the parties. That discretion will not be disturbed on appeal unless the court has clearly abused its discretion. *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923)." [4]

■ An exactly equal division of the property is rarely possible and is not required. Upon appeal, it must be presumed that the trial court exercised its discretion properly and the cause will be reversed only where there is a clear abuse of discretion. *Wilkerson v. Wilkerson*, 515 S.W.2d 52, 55 (Tex.Civ.App.—Tyler 1974, no writ), and authorities therein cited. See also, *Cooper v. Cooper*, 513 S.W.2d 229, 233 (Tex.Civ. App.—Houston [1st Dist.] 1974, no writ).

■ The wife argues at great length that the court's findings, as incorporated in the property division portion of the judgment, do not comport with the findings of the master as shown in the record. The simple answer to such contention is that the master's findings were immaterial. A jury trial had been demanded and the case was tried to a final verdict. The trial court erred in appointing the master and the co-master.[5] See the forceful language used by Justice Peden in *Bell v. Bell*, 540 S.W.2d 432, 437 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ). This Court in *Garrison v. Garrison*, 568 S.W.2d 709, 710 (Tex.Civ.App.—Beaumont 1978, no writ), adopted Justice Peden's language used in *Bell*, supra, and we reaffirm that view. See also, *Poston v. Poston*, 572 S.W.2d 800, 802 (Tex.Civ.App.— Houston [14th Dist.] 1978, no writ), wherein Chief Justice Brown also followed *Bell* to the logical conclusion.

As was done in *Poston*, supra, we find that it was error for the trial court to appoint the master and co-master and to assess their fees and expenses against the appellee husband. Consequently, we sustain the husband's crosspoint complaining of the allowance of such fees. We sever this portion of the judgment and reverse the trial court's judgment taxing the fee of Glenn Johnson, Master in Chancery—$13,705.91—and the fee of Robert L. Dabney, Jr., Co-Master—$9,000.00—against the husband. We here and now tax such fees against the wife, and our judgment will so reflect a rendition of a judgment against the wife in the total sum of $22,705.91.

Appellant's remaining points have been considered and found to be lacking in merit. Each is now overruled. The judgment dividing the community property of the parties is in all things affirmed and all relief sought by the wife on this appeal is denied and refused. Having sustained the husband's crosspoint of error, we sever the

---

4. We refrain from citing the thirty or more cases which have followed Justice McGee's language in *Bell v. Bell*, supra.

5. We note, in fairness to the trial judge, that the *appointments* of the master and the co-

master were made by another judge who was handling the case before it came before the trial judge for the jury trial. Our trial judge did, however, tax such fees as costs.

allowance of fees and expenses of the master and co-master from the remainder of the judgment and now render judgment for such fees and expenses against the appellant wife. For the reasons herein apparent, all costs of court in all courts are adjudged against the appellant.

Reversed and rendered in part, and in part affirmed.

DIES, Chief Justice, dissenting.

I respectfully dissent. The jury in this case found a community estate—even after deducting what the wife had removed—of several hundred thousand dollars. Yet the trial court only ordered the husband to pay the wife $24,000. This dissenter asked the reason for this at oral argument and got no satisfactory reply from the attorneys involved.