**Marilyn O'Neill MANN**

v.

**Horace M. MANN.**

No. B–9078.

Supreme Court of Texas.

Oct. 29, 1980.

Rehearing Denied Nov. 26, 1980.

Ragan, Russell & Rorschach, John L. Russell, Houston, Moore, Moore & Harris, William T. Moore, Jr., Bryan, for petitioner.

Tindall & Foster, Harry L. Tindall, Houston, for respondent.

STEAKLEY, Justice.

■ This is an appeal from a judgment in a divorce case. Our appellate jurisdiction is invoked by the dissenting opinion in the Court of Civil Appeals. Tex.Rev.Civ.Stat. art. 1728(1) (1962); see Bishop v. Bishop, 359 S.W.2d 869 (Tex.1962). Subdivision 1 of Article 1728 extends our appellate jurisdiction to questions of law arising in a divorce case where the judges of the Court of Civil Appeals may disagree upon a question of law material to the decision. Here, the majority in the Court of Civil Appeals ruled that the trial court did not abuse its discretion in making a division of the property of the divorcing parties. 592 S.W.2d 4. The dissenting judge stated he found no justification for the trial court's division. A determination of whether the property division decreed in a divorce constitutes an abuse of discretion presents a legal rather than a factual question for appellate review. McKnight v. McKnight, 543 S.W.2d 863 (Tex.1976). Thus, the judges of the Court of Civil Appeals disagreed on a "question of law material to the decision" and this Court has jurisdiction.

Marilyn O'Neill Mann and Horace Manning Mann were married on July 3, 1975 and separated on August 15, 1976. It is disputed whether the parties lived together prior to the marriage. Shortly after the parties separated, Mrs. Mann petitioned for divorce in Harris County solely on the grounds of insupportability. Similarly, insupportability was the single ground alleged for divorce in Mr. Mann's answer and counterclaim. No children were born to the Manns during their marriage.

Mrs. Mann paid a jury fee on October 6, 1976. The record further shows that Mrs. Mann filed a motion under date of February 11, 1977 requesting the appointment of a master; she alleged that her suit was an exceptional case under Tex.R.Civ.P. 171.[1] On February 16, 1977 the trial court, over the objection of Mr. Mann, found that the motion was supported by good cause and ordered the appointment of a Master in Chancery.[2] On April 8, 1978 the trial court appointed a Co–master in Chancery.[3] The detailed report of the Master was prepared and filed after lengthy hearings.

The parties had widely disparate viewpoints concerning the determination of value, and the separate and community nature, of the assets of the parties and the amount of income derived during the marriage. The most valuable asset was a sole proprietorship salvage business operated by Mr. Mann prior to the marriage.

1. Texas Rules of Civil Procedure 171 provides in part:

The court may, in exceptional cases, for good cause appoint a master in chancery, who shall be a citizen of this State, and not an attorney for either party to the action, nor related to either party, who shall perform all of the duties required of him by the court, and shall be under orders of the court, and have such power as the master of chancery has in a court of equity.

2. On oral argument, counsel for Mrs. Mann stated that the trial court appointed the Master on its own motion and then requested Mrs. Mann to file a motion in support of such appointment. This is not supported by the record. There are, however, curious inconsistencies between the dates of several motions and the order appointing the Master. As noted above, the motion requesting the appointment of the Master was filed February 11, 1977, and the appointment ordered on February 16. However, in a motion filed on February 10, Mr. Mann objected to the appointment of the Master, complaining that the Master had been appointed, without a hearing, on February 8. Thus, the record indicates that an objection to the appointment of the Master was filed before Mrs. Mann requested the appointment. It should also be noted that in the Master's initial request for payment for services rendered, the first day on which services were performed was February 8. Admittedly, there are inconsistencies in the chronology of events preceding the appointment of the Master, but this does not necessarily establish the position taken by the counsel in oral argument that Mrs. Mann was not responsible for the appointment of the Master.

3. The record does not show on whose motion the Co–master was appointed.

The case was submitted to the jury on special issues inquiring into the existence of several gifts, a putative marriage, a common law marriage, a partnership, and a joint venture. The jury was also required to answer other complicated issues about the characterization and valuation of property. Almost all of the special issues were answered in favor of the husband and adversely to the wife. The trial court granted a divorce and essentially followed the jury verdict in dividing the marital estate of the parties pursuant to the provisions of Tex. Fam.Code § 3.63 (1975).[4] The judgment of the trial court dividing the estate required Mr. Mann to pay Mrs. Mann the sum of $24,000 and further charged against Mr. Mann the sum of $19,500 for Mrs. Mann's attorney's fees and expenses. The judgment also recited that the fees of the auditor—$2,619.30; Master in Chancery—$13,705.91; and Co—master in Chancery—$9,000 would be assessed against Mr. Mann.[5] There is no claim that these fees were not reasonable. In addition, Mrs. Mann received $22,500 as alimony pendente lite.

Upon appeal by Mrs. Mann the Court of Civil Appeals held that the trial court's division of the marital estate of the Manns did not constitute an abuse of discretion. In addition, and in response to cross—points of Mr. Mann, the Court held that it was error for the trial court to appoint the Master and Co—master and to assess their fees and expenses against him.[6] Accordingly, the Court of Civil Appeals reversed the trial court judgment which taxed the fees of the Master—$13,705.91, and the Co—master, $9,000, against Mr. Mann and rendered judgment against Mrs. Mann for such fees in the amount of $22,705.91.

Mrs. Mann is our petitioner; she advances two primary arguments: (1) the Court of Civil Appeals erred in holding that the trial court did not abuse its discretion in making division of the community estate of the Manns and, (2) the Court of Civil Appeals erred in reversing the judgment of the trial court and rendering judgment against Mrs. Mann in the sum of $22,705.91 for the fees of the Master and Co—master in Chancery. We granted writ of error because of our tentative view that the Court of Civil Appeals erred in ruling that the trial court was not authorized to appoint a Master and a Co—master; and, further, in reversing the assessment of the resulting costs by the trial court. We now so hold.

■ The parties are in vehement disagreement over the effect of the trial court judgment, each asserting that the other received a disproportionate share of the property. Each party asserts that the judgment of the trial court awarded the other party over 90% of the community estate. Upon a review of the record we have concluded that the division of the community property was not manifestly unfair so as to constitute an abuse of discretion. See Tex.Fam. Code § 3.63 (1975); Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923). We therefore hold that the Court of Civil Appeals did not err in upholding the division of the community estate by the trial court. Bell v. Bell, 513 S.W.2d 20 (Tex.1974).

■ Mrs. Mann argues further that the award of costs in a suit for divorce is a matter within the discretion of the trial court and there has been no showing that this discretion has been abused. We agree.

4. § 3.63 provides:

In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.

5. It may be observed that upon rendering judgment the trial judge noted by entry in his docket that the assessment of these fees had been considered in the "overall division of the property."

6. The rationale underlying the assessment of these fees by the Court of Civil Appeals against Mrs. Mann is not clear from its opinion. Based on the cases cited, the Court of Civil Appeals apparently felt that the appointment of the Master by the trial court was not supported by good cause and Mrs. Mann had invited this error by moving for the appointment. See Poston v. Poston, 572 S.W.2d 800, 802 (Tex.Civ. App.1978, no writ); Garrison v. Garrison, 568 S.W.2d 709, 710 (Tex.Civ.App.1978, no writ); Bell v. Bell, 540 S.W.2d 432, 437 (Tex.Civ.App. 1976, no writ).

The Master conducted lengthy hearings which included hearing evidence and inspecting the books and inventory of the salvage warehouse. The records and the unique nature of the salvage business were such that the Master had great difficulty in valuing the community property assets of the business. In addition, and because of the complex nature of the property involved in the divorce proceeding, the trial court appointed an auditor and a receiver.

 As we stated in *Texas Bank & Trust Co. v. Moore*, 595 S.W.2d 502 (Tex. 1980), a trial court should be free to exercise its discretion in the appointments of a master and should be reversed only where there is a clear abuse of this discretion. Such is not shown under the record here.

 The fact that Mrs. Mann had requested a jury trial does not preclude the appointment of a Master. Either party is entitled to a jury trial after a Master has filed his report. *Housing Authority of City of Dallas v. Hubbell*, 325 S.W.2d 880 (Tex. Civ.App.1959, writ ref'd n. r. e.). The present case involved numerous complex issues which involved the valuation of many types of dissimilar inventory having no regular market value. It was to the advantage and in the interest of all parties, including Mr. Mann, to have a complete accounting of all the community and separate property assets of the parties. *Moore, supra.* Further, an abuse of discretion by the trial court in assessing the costs of the Master is not shown by this record.

Accordingly, the judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.