# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00132-CV

**Larry Stovall, Appellant**

**v.**

**Barbara Stovall, Appellee**

### FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT
### NO. 12,211, HONORABLE GUILFORD JONES III, JUDGE PRESIDING

Appellant Larry Stovall contests the disposition of property in a divorce decree rendered by a trial court, asserting that the court erred in admitting evidence of a prior agreement between the parties regarding the disposition of marital property, erred in admitting evidence to modify the agreement, and erred in making an unreasonably disproportionate division of the property between the spouses. We will affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellee Barbara Stovall filed for divorce February 1, 2000. Appellant filed a counter petition March 16, 2000. In March of 2000, the parties and their attorneys met to take appellant's deposition. Instead, at the meeting the parties reached an agreement regarding the division of their community property. Appellant and appellee agreed to sell their house and surrounding property for a price that would net appellee a certain sum. The agreement was dictated to a court reporter, the

parties agreed to the division of the property under oath, and the court reporter signed the record of the proceeding. Appellee's attorney then drafted a written agreement based on the terms dictated to the court reporter, appellant's attorney suggested minor changes, and appellee's attorney drafted a revised agreement incorporating the changes. No written agreement was ever signed by appellant, appellee, or their attorneys. Appellant submitted one sales contract to the appellee for the sale of the property; however, she refused to sign the contract. In June, the court referred the case to mediation, but no agreement was reached. In October, the property was sold for an amount less than that offered under the sales contract rejected by appellee.

On October 20, 2000, the case went to trial. Both parties testified and tendered evidence for the trial court's consideration. The court admitted evidence of the parties' previous agreement. The court also admitted evidence regarding circumstances during the period between March 28th and the date of trial. Appellee then moved for entry of judgment, which was granted. After the divorce decree was signed, appellant filed a motion for new trial, which was denied. At appellant's request, the trial court filed its findings of fact and conclusions of law.

**DISCUSSION**

In his first three issues, appellant complains that the trial court erred in admitting evidence of the March agreement because the agreement is not enforceable.[1] Appellant's complaint on these issues rests on his central position that the trial court erred by enforcing the agreement rather than exercising its discretion in dividing their property. We will assume *arguendo* that the agreement

---

[1] Appellant provides three bases for this assertion: (1) the agreement does not comply with rule 11, *see* Tex. R. Civ. P. 11; (2) the agreement was not supported by the Petitioner's (appellee's) pleadings; and (3) the agreement had been repudiated by appellant.

was unenforceable because the trial court specifically concluded that it could not enforce the agreement. Appellant directs our attention to a comment in the record indicating that the trial judge intended to enforce the agreement. For purposes of our review, we look to the court's written findings, conclusions, and judgment to determine error. Even considering the court's statement, however, we cannot read that comment in a vacuum. In conclusion of law number seven, the trial judge specifically stated: "The agreement is a binding obligation of the parties that was never rescinded. *However, the Court concludes that the same is not enforceable* in the instant cause under the state of the pleadings." (Emphasis added.) Furthermore, the judge attempted to clarify any misunderstanding on this issue in the hearing on the motion for entry of judgment. In speaking to appellant's counsel, the judge stated:

> Well, let me—clarify one thing and the Court's intent in that regard so that you're not misled . . . . It was the Court's intent to make the division in accordance with the agreement, *not necessarily enforcing the agreement per se.* I took to heart your complaint that there was no action to enforce a breach of contract situation.
>
> It was merely the Court's feeling that if that was agreed at one point to be a fair division by the parties, the Court would divide it in accordance with that.
>
> . . . .
>
> To reiterate, it was the Court's intent and remains the Court's intent to divide the assets and liabilities in accordance with the spirit of the parties' agreement of March 28, 2000, while *not at all intending to enforce a contractual agreement* or to give a breach of contract remedy, which was not pled for.

(Emphasis added.) Appellant does not explain how admitting the agreement into evidence constitutes error and cites no authority for that proposition. Because the trial court clearly indicated that it was not enforcing the agreement, we need not reach the issue of whether the agreement was

3

enforceable, and because appellant does not explain how the court erred in admitting the agreement into evidence in this context, that issue has not been presented for review. Accordingly, we overrule appellant's first three issues.

In appellant's fourth issue, he complains that the trial court erred in admitting evidence to modify the agreement. Because the court was not enforcing this agreement, the court was within its discretion in accepting evidence of circumstances other than the circumstances surrounding the agreement. In fact, the court was required to receive evidence in order to divide the community estate in a manner that the court deemed just and right. *See* Tex. Fam. Code Ann. § 7.001 (West 1998). Appellant's fourth issue is overruled.

In appellant's fifth issue, he complains that the trial court erred in making an unreasonably disproportionate division of the marital property. By statute, a trial court has broad discretion to divide the parties' community estate "in a manner that the court deems just and right." *Id*. The division of the estate is not required to be equal, and the court may weigh many factors in reaching its decision. *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981). A party who complains of the court's division of property must be able to demonstrate from the record that the division was not just and right; in fact, the party must show the division was so unjust and unfair that it constitutes an abuse of discretion. *Pletcher v. Goetz*, 9 S.W.3d 442, 446 (Tex. App.—Fort Worth 1999, pet. denied). As the reviewing court, we will indulge every reasonable presumption in favor of the trial court's proper exercise of discretion, and we will not disturb this discretion on appeal unless a clear abuse is shown. *Id*.; *Murff*, 615 S.W.2d at 698-99. The test for whether the court abused its discretion is whether the court acted arbitrarily, unreasonably, or manifestly unfairly. *Pletcher*, 9 S.W.3d at 446; *Mann v. Mann,* 607 S.W.2d 243, 245 (Tex. 1980). Appellant asserts

4

that the court engaged in no actual assessment of a just and right division of the property or debts in the present case; rather, he contends the court merely enforced the agreement and filled in the blanks as needed.

In reviewing the record in this case, we note that the trial judge expressly found in finding of fact number 12: "The Agreement reflected in Petitioner's Exhibit 2 [the second agreement drafted by appellee's attorney based on changes submitted by appellant's attorney] was a reliable indication of what the parties believed was a fair and equitable division of their community estate." In addition, in conclusion of law number nine, he stated: "No evidence was presented regarding why the Agreement of the parties was not a just and right division of the property and debts as of October 20, 2000."

The testimony at trial indicated that appellant entered into the agreement in March of his own free will. Furthermore at trial, when asked whether he intended to perform under the agreement when he entered into it, appellant testified: "Sure, I did in March, you bet or I wouldn't have done it." The court is entitled to interpret this statement as an admission that as of March, appellant believed the agreement represented a just and right division of the property. On March 28, 2000, appellant was satisfied with the property division; on October 20, 2000, at trial, he was not. That does not mean the property division ordered by the trial court was not just and right. The court was within its discretion in concluding that appellant's testimony provided evidence that the agreement in March was a basis for the beginning of a just and right division of the property.

In addition to appellant's testimony, we note a comment made by appellant's counsel in the hearing on the motion for entry of judgment. In addressing his complaints about the proposed divorce decree to the trial court, appellant's counsel stated:

5

My second major complaint—having talked about no pleading—my second major complaint with this divorce decree is the Court will remember that it rendered judgment based on the agreement. It did not go through, as this divorce says, and make a fair and equitable distribution of the property. *And I'm not saying that the ultimate division you made was not fair.* I'm just simply saying there's nothing in this decree that says I am enforcing the March 28th agreement of the parties.

(Emphasis added.) We do not consider this comment as evidence that the division of property in the present case was fair. Rather, it indicates appellant's misunderstanding of the standard of review that we must apply. If the ultimate division of the property made by the court was fair, appellant cannot show and we cannot hold that the court abused its discretion.

Finally, we note that the trial court, in fact, modified the terms of the March agreement to ensure that the Stovalls' community estate was divided in a just and right manner. In other words, the trial court did not slavishly adhere to the terms of the agreement; rather, having found the agreement to be a just and right division of the property as of March 28, 2000, the court may have used the terms of the agreement as the underlying basis for the division of the property. Nevertheless, the record shows that the court modified those terms as required by the facts and the evidence presented to achieve the ultimate just and right division of the estate as prescribed by statute.

The trial court made specific findings of fact and conclusions of law regarding the evidence presented in this case. The court found the evidence was a reliable indicator of a fair and equitable division of the parties' property and concluded that no evidence was presented to undermine this finding. The court heard testimony from appellant that he readily assented to the agreement when it was made. Appellant's attorney did not dispute that the division of the property was fair. In accordance with its duty, the court modified the terms of the earlier agreement in

6

accordance with the facts presented at the hearing on the merits to ensure the division of the property was just and right. Having considered all of these facts, we hold the trial court properly exercised its discretion and did not act arbitrarily, unreasonably, or manifestly unfairly in dividing the community estate of appellant and appellee.

Finally, appellant does not demonstrate how the trial court abused its discretion, in what manner the court erred in dividing the community estate, or in what regard the division of property was unfair, unjust, or unreasonably disproportionate. Absent such a showing, appellant cannot meet his burden to show that the division of property requires a reversal. *Pletcher*, 9 S.W.3d at 446.

Because we cannot hold that the trial court abused its discretion, we overrule appellant's final issue and affirm the trial court's judgment.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: January 31, 2002

Do Not Publish

7