# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-11-00685-CV

**William Andrew Allen, Appellant**

**v.**

**Tina Marie Bauer Allen, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 241,128-D, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

William Andrew Allen appeals pro se the trial court's final decree of divorce. In three issues, he challenges the trial court's refusal to file his initial pleading, division of property, and failure to establish paternity. For the reasons that follow, we affirm the trial court's divorce decree.

### FACTUAL AND PROCEDURAL BACKGROUND

William and Tina,[1] who is also acting pro se in this appeal, were married by common law on July 1, 2008.[2] One child, E.G.A., a daughter, was born during the marriage. William and

---

[1] We refer to the parties by their first names for clarity.

[2] Although the record is somewhat unclear, it appears that on that date the County Court at Law of Waller County declared that a common law marriage existed between William and Tina in a proceeding brought by the Texas Department of Family and Protective Services (DFPS). Tina attached a copy of an order from that case to her brief, but it is not contained in the record. Tina's petition for divorce states that the parties were married on July 1, 2010. At the hearing in this case, she testified that the date stated in the petition was in error and that the correct date was July 1, 2007. She subsequently testified that it was actually July 1, 2008, the date she also urges in her brief.

Tina separated on September 4, 2008, when William was arrested on multiple charges of sexual assault and indecency with a child.[3] William was convicted and is currently incarcerated. In early 2010, the Texas Attorney General initiated a suit affecting the parent-child relationship (the 2010 SAPCR) in which it was determined that William is the biological father of E.G.A. as a result of her being born during the common law marriage of William and Tina. William and Tina were appointed joint managing conservators, and William was ordered to pay child and medical support. Tina filed a petition for divorce in April 2011. William filed a responsive pleading entitled "Petition for Divorce." Construing the pleading as a counter petition, the district clerk did not file the pleading and returned it to William for nonpayment of the required filing fee. William subsequently filed a second pleading, which the district clerk accepted as an answer. The district clerk docketed the case as contested, and the court coordinator set it for final hearing and sent notice of the hearing to William and Tina. The court coordinator also sent a separate notice to William informing him that he was being allowed to testify by telephone, advising him that it was his responsibility to schedule his testimony with the Texas Department of Criminal Justice, and providing the telephone number to call.

The final hearing was held on August 24, 2011. Tina appeared in person, acting pro se, and William appeared pro se by telephone. Tina testified that there was one child of the marriage, E.G.A., the couple owned no real property, and the only property left was the personal property in the possession of each party. She further testified that William had owned some tools

---

[3] As with the date of the marriage, the petition states that they separated on September 4, 2010, but Tina testified that the correct date is September 4, 2008.

2

and a tool box in connection with a business they had operated but the tools had been stolen and she had sold the tool box. She offered into evidence a letter in which William authorized her to sell the tool box, and she stated that there was a police report regarding the burglary but did not offer it into evidence. Tina also stated that she had some personal items belonging to William, including clothes, pictures, and paperwork, and agreed to send them to his mother. Tina testified that to support E.G.A. she had sold all their appliances except the washer, which she had acquired prior to the marriage. She also testified that she owned an automobile that her mother and stepfather had given her after her separation from William. She further stated that certain other items that had been in the couple's possession were not in their names, William had disposed of some community property assets, and there was no longer any community property. Tina also stated that her son D.D.B. was born in 2000 and his father was deceased.

William testified that Tina had possession of his clothes and tools, he gave Tina permission to sell his tool box to be able to hire an attorney for him—which she did not do—they had owned appliances as community property, and he considered Tina's selling the appliances "embezzling." William also testified that he believed D.D.B. was his son and he was "going to ask the court for a DNA test." Following the hearing, the trial court rendered a final decree of divorce continuing the orders made in the 2010 SAPCR, awarding each party the personal property and cash in his possession, ordering each party to pay his own debts, and awarding the automobile to Tina as her separate property. William filed a motion for new trial and a motion for rehearing, which the trial court denied. This appeal followed.

**DISCUSSION**

In his first issue, William contends the trial court erred in not filing his answer to the petition for divorce. He also argues that the trial court erred in denying his motion for new trial because he did not have adequate notice of the trial setting and the trial court "went straight to final judgment" without holding a pre-trial hearing "to establish evidence." The record shows that the district clerk rejected William's first pleading, entitled "Petition for Divorce," for lack of a filing fee. However, the clerk construed William's subsequent untitled pleading as an answer and docketed the case as contested. The trial court provided William with more than forty-five days' notice of the final hearing and instructions on how to participate by telephone, which he did. Thus, the record establishes that William's answer was filed and he was provided adequate notice of the hearing, at which he appeared and testified. *See* Tex. R. Civ. P. 245 (trial court may set contested cases with reasonable notice of not less than forty-five days to parties of first trial setting). In addition, William offers no argument or authority—and we have found none— to support his implied contention that a trial court must hold a pre-trial hearing "to establish evidence." *See id.* We overrule William's first issue.[4]

In his second issue, William challenges the trial court's division of property. He argues that the trial court erred in "not declaring separate property from community property" and

---

[4] William also appears to argue that at the hearing he advised the trial court that he is hard of hearing and the trial court did not address that concern. However, the record shows that when William informed the trial court that he is hard of hearing, the trial court moved Tina closer to the microphone and turned the volume up. When asked if he could hear after those adjustments, William replied that he could. At two points during the proceeding, William stated that he could not hear, the trial court repeated the testimony or question, and William responded. To the extent William asserts this argument as a separate issue, we overrule it.

"not declaring property of [the] company owned by both parties." Courts have broad discretion in dividing the marital estate, and we presume the trial court properly exercised its discretion. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981); *Gupta v. Gupta*, No. 03-09-00018-CV, 2010 Tex. App. LEXIS 4841, at *7 (Tex. App.—Austin June 24, 2010, no pet.) (mem. op). A trial court is charged with dividing the parties' estate "in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." Tex. Fam. Code § 7.001. An appellate court will correct the trial court's division of marital property only when a clear abuse of discretion has been established. *Murff*, 615 S.W.2d at 698; *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex. 1974). A clear abuse of discretion is shown when the division of the property is manifestly unjust. *See Mann v. Mann*, 607 S.W.2d 243, 245 (Tex. 1980). The party challenging the division of property has the burden to show that it was not just and right. *Pletcher v. Goetz*, 9 S.W.3d 442, 446 (Tex. App.—Fort Worth 1999, pet. denied); *Holmes v. Holmes*, No. 03-08-00791-CV, 2010 Tex. App. LEXIS 8156, at *23 (Tex. App.—Austin Oct. 5, 2010, no pet.) (mem. op).

Under an abuse-of-discretion standard in a family law case, legal and factual insufficiency are not independent grounds for reversal but are instead relevant factors in assessing whether the trial court abused its discretion. *Zeifman v. Michels*, 212 S.W.3d 582, 587 (Tex. App.—Austin 2006, pet. denied). To determine whether the trial court abused its discretion because there was legally or factually insufficient evidence to support its decision, we engage in a two-pronged inquiry: (1) whether the trial court had sufficient evidence on which to exercise its discretion, and (2) whether it erred in its application of that discretion. *Id.* at 588. We apply the traditional sufficiency review under the first prong and then proceed to determine whether, under the

second prong, the trial court's decision was arbitrary or unreasonable. *Id*.; *Echols v. Olivarez*, 85 S.W.3d 475, 478 (Tex. App.—Austin 2002, no pet.).

Although William testified that there had been community and company assets, he offered no evidence to establish the continued existence of any such assets. Tina testified that there were no remaining community or company assets, explained how and why they had been disposed of, and offered documentary evidence concerning the disposition of the tool box. In a bench trial, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony and may believe one witness, disbelieve others, and resolve inconsistencies in any witness's testimony. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696–97 (Tex. 1986); *Seasha Pools, Inc. v. Hardister*, 391 S.W.3d 635, 639 (Tex. App.—Austin 2012, no pet.). We may not substitute our judgment for that of the trier of fact merely because we reach a different conclusion. *Herbert v. Herbert*, 754 S.W.2d 141, 144 (Tex. 1988); *Westech Eng'g, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 196 (Tex. App.—Austin 1992, no writ).

Here, the trial court could have reasonably believed Tina's testimony and disbelieved William's testimony, especially considering that William did not offer any explanatory testimony or evidence to support his assertions that there were community and company assets. *See McGalliard*, 722 S.W.2d at 697; *Seasha Pools*, 391 S.W.3d at 639. Because we conclude that William did not meet his burden to establish that the trial court's division of property was not just and right, *see Murff*, 615 S.W.2d at 698; *Pletcher*, 9 S.W.3d at 446, and in light of Tina's testimony and evidence, we cannot say that the trial court abused its discretion in concluding that there were no community or company assets and limiting its division of the estate to the parties' personal

property and debts. *See Mann*, 607 S.W.2d at 245; *Zeifman*, 212 S.W.3d at 587. We overrule William's second issue.

In his third issue, William contends that E.G.A. and D.D.B. are his biological children and argues that the trial court erred "by not establishing paternity of the children of this marriage." However, William did not raise the issue of his paternity as to E.G.A. in the trial court, offers no evidence or authority on this issue, and has therefore waived it. *See* Tex. R. App. P. 33.1, 38.1(i); *Cire v. Cummings*, 134 S.W.3d 835, 844 (Tex. 2004); *In re A.D.A.*, 287 S.W.3d 382, 390 (Tex. App.—Texarkana 2009, no pet). Moreover, the record shows that William's paternity as to E.G.A. was previously determined in the 2010 SAPCR.[5] Thus, even if William had properly asserted the issue of his paternity as to E.G.A., it would have been barred from relitigation by collateral estoppel. *See In re R.J.P.*, 179 S.W.3d 181, 185 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (collateral estoppel bars relitigation of biological paternity in subsequent suit). We also observe that William seeks a determination that he is E.G.A.'s father, the same determination made in the 2010 SAPCR. Therefore, we conclude that the trial court did not err in declining to adjudicate William's paternity as to E.G.A. As for D.D.B., although William testified that he believed D.D.B. is his son and was "going to ask the court for a DNA test," he did not request such testing in this case, nor did he allege

---

[5] The order in the 2010 SAPCR indicates that William was duly notified but did not appear for the hearing. Tina contends that William filed an answer acknowledging that he is E.G.A.'s father and did not appeal the finding that he is her biological father. Tina also contends that William's paternity as to E.G.A. had already been determined in the DFPS proceeding. Although the appendix to Tina's brief includes copies of William's answer in the 2010 SAPCR and the agreed order in the DFPS proceeding, the record does not contain copies, and we may not consider evidence not contained in the clerk's record. *See WorldPeace v. Commission for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

or offer any proof of the paternity of D.D.B.  In addition, Tina testified that D.D.B. was born in 2000, well before the common law marriage to William, and that E.G.A. is the only child of her marriage to William, and the trial court could have reasonably believed Tina's testimony.[6]  *See McGalliard*, 722 S.W.2d at 697; *Seasha Pools*, 391 S.W.3d at 639.  Accordingly, the trial court did not err in concluding that the issue of William's paternity as to D.D.B. was not before the court and declining to adjudicate paternity as to D.D.B.  *See In re R.J.P.*, 179 S.W.3d at 185.  We overrule William's third issue.

## CONCLUSION

Having overruled William's issues, we affirm the trial court's final decree of divorce.[7]

---

[6] Tina also argues that E.G.A.'s paternity was previously adjudicated in the DFPS proceeding in Waller County, in which William failed to assert his paternity as to D.D.B. and agreed to the order determining someone else to be the father of D.D.B.  Although the appendix to Tina's brief includes a copy of the agreed order in the DFPS proceeding, the record does not contain a copy, and we may not consider evidence not contained in the clerk's record.  *Id.*

[7] William has filed two motions that are pending before this Court.  In an untitled motion, William seeks relief that appears to be in the nature of mandamus relief.  He alleges that the trial court has failed to perform its ministerial duty by refusing to consider and rule on his motion asking the trial court to hold Tina in contempt.  A copy of a "Motion for Contempt" is attached to William's untitled motion.  However, the attached motion for contempt is dated the same date as William's untitled motion, it does not bear a file-stamp by the district clerk, and the district clerk's record does not contain a copy.  Nor does the record contain any correspondence to the district clerk requesting a ruling or any other evidence showing that the motion for contempt was filed or that the district court refused to rule on the motion.  A trial court is generally not required to consider a motion not called to its attention.  *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding.)  Consequently, William has not presented a record sufficient to establish that he is entitled to the relief requested.  *See* Tex. R. App. P. 52.7(a)(1); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).  We deny the motion.

Also pending is William's "Second Motion for Extension of Time to File Appellant Pro Se Reply Brief or Response."  William states in the motion that he needs an extension of thirty days so that he can obtain information relating to the 2010 SAPCR hearing and the company the couple operated.  Tina opposes the motion, contending that the documents Williams seeks would not

_____
                                        Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed:   October 23, 2013

---

address any arguments raised in her brief.  *See* Tex. R. App. P. 55.4.  The motion was filed March 18, 2013, and no reply brief has been received by this Court.  We deny the motion.