**Affirmed and Memorandum Opinion filed July 9, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00016-CV

## SANTIAGO CRUZ, Appellant

### V.

## DANIELLE JANNETTE CRUZ, Appellee

**On Appeal from the 312th District Court
Harris County, Texas
Trial Court Cause No. 2017-77407**

## MEMORANDUM OPINION

Santiago Cruz appeals from a final divorce decree, dissolving his marriage to Danielle Jannette Cruz. In three issues, Santiago challenges the provisions in the divorce decree that divide the marital estate. We affirm.

### BACKGROUND

Danielle filed an original petition for divorce and Santiago filed a counter-petition for divorce. After a bench trial, the trial court signed a final decree of divorce

in which it awarded the following to Danielle as her separate property:

- All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in Danielle's possession or subject to her sole control.

- The funds on deposit in several bank accounts named in the decree.

- All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of Danielle's past, present, or future employment.

- The 2007 Isuzu 1-290 motor vehicle.

- The 2013 Hyundai Genesis motor vehicle.

- One hundred percent (100%) of the sole proprietorship known as Water Alternative Natural Gas, including but not limited to all furniture, fixtures, machinery, equipment, inventory, cash, receivables, accounts, goods, and supplies; all personal property used in connection with the operation of the business; and all rights and privileges, past, present, or future, arising out of or in connection with the operation of the business.

The trial court awarded the following property to Santiago:

- The following real property, including but not limited to any escrow funds, prepaid insurance, utility deposits, keys, house plans, home security access and code, garage door opener, warranties and service contracts, and title and closing documents: Lot 38 & 59 of Charles O. Ellstrom Tract, Jefferson County, 11480 Burr Lane, Winnie, TX 77665.

- All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in Santiago's possession or subject to his sole control;

- The funds on deposit in several bank accounts named in the

2

decree.

- The 2009 Dodge 2500 motor vehicle.
- One hundred percent (100%) of the sole proprietorship known as Geotech, including but not limited to all furniture, fixtures, machinery, equipment, inventory, cash, receivables, accounts, goods, and supplies; all personal property used in connection with the operation of the business; and all rights and privileges, past, present, or future, arising out of or in connection with the operation of the business.
- The 2004 Honda CR 85 Motor Bike.
- The 2004 Honda CR 85 Motor Bike.
- The 2004 Honda CR 50 Motor Bike.
- The Polaris ATV.
- The 2012 AMT Utility Trailer.
- The Gooseneck Trailer.
- The 2012 John Deere 5065 E 2WD Tractor.
- The Boston Whaler Boat.
- The Commercial Chainsaw.
- The Commercial Welder.
- The 1989 John Deere 250B Track Loader.
- The Keystone RV Hideout
- The Ford F600 Diesel Truck motor vehicle,
- His tools and firearms.

The decree further apportioned the parties' debts.

## ISSUES AND ANALYSIS

In three issues Santiago contends that (1) Danielle violated temporary orders; (2) the trial court abused its discretion in determining that Danielle was "aware of the underlying factual basis of his Federal-Question claims"; and (3) the trial court abused its discretion in dividing the marital estate.

3

In Santiago's first issue he does not raise any error allegedly committed by the trial court and therefore presents no error for this court to review. *See Canton–Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931–32 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (appellate brief must point out any error allegedly committed by the trial court). We overrule Santiago's first issue.

In Santiago's second issue he challenges the trial court's determination that Danielle was aware of his "Federal-Question" claims. The record before this court contains no evidence of a federal question being raised in the trial court. Santiago's brief does not address how a determination that Danielle was aware of a federal question affected his rights in the divorce decree. Santiago argues that, "[t]he solution would be to remand the trial or settle out of court with [Danielle] or pay me $6400 per month for the next 8 years for being married together for 25 years."

Even construing Santiago's appellate brief liberally, we cannot conclude that he adequately briefed any argument in support of this assertion. *See San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 337 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Therefore, we find briefing waiver. *See id.*; *see also Deutsch v. Hoover, Bax & Slovacek, L.L.P.*, 97 S.W.3d 179, 198–99 (Tex. App.—Houston [14th Dist.] 2002, no. pet.). But, even in the absence of briefing waiver, Santiago could not prevail because the record does not reflect a federal question complaint in the trial court that he asserts under his second issue. We overrule Santiago's second issue.

In his third issue Santiago complains about the trial court's division of the marital estate. Because Santiago failed to bring forth a reporter's record from the bench trial, we cannot address his third issue.

We review a trial court's division of marital property for an abuse of discretion. *See Barras v. Barras*, 396 S.W.3d 154, 164 (Tex. App.—Houston [14th

Dist.] 2013, pet. denied). The trial court has broad discretion when dividing the marital estate at divorce, and we must indulge every reasonable presumption in favor of the trial court's proper exercise of its discretion. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). The party complaining of the division of the marital estate has the burden of showing from the evidence in the record that the trial court's division of the marital estate was so unjust and unfair as to constitute an abuse of discretion. *See Mann v. Mann*, 607 S.W.2d 243, 245 (Tex. 1980); *Lynch v. Lynch*, 540 S.W.3d 107, 130 (Tex. App.—Houston [1st Dist.] 2017, pet. denied).

In this case, Santiago failed to make payment arrangements for the reporter's record and therefore failed to file a reporter's record of the bench trial. Santiago filed a Statement of Inability to Afford Payment of Court Costs in the trial court. *See* Tex. R. Civ. P. 145. Santiago's Statement of Inability noted that he received "Veterans Disability" public benefits and had a monthly income of $3,000. Santiago listed property valuing $2,500 and monthly expenses including rent, utilities, insurance, and food and household supplies, totaling $6,123. In a portion of the Statement of Inability that asked about debts or other facts explaining the affiant's financial situation, Santiago wrote, "District Court 312th Harris County didn't follow the violations against my wife and she stuck me with the bills and kept my money from my business and [the trial court] signed off on it."

The court reporter filed a contest to Santiago's Statement of Inability to Afford Payment of Court Costs. *See* Tex. R. Civ. P. 145(f)(3). The trial court held a hearing on the court reporter's contest and issued an order finding that Santiago "has adequate resources to pay appellate costs in this matter" and to pay for his housing and expenses of daily living. See Tex. R. Civ. P. 145(f)(5). The court reporter filed a record of the hearing on Santiago's Statement of Inability.

At the hearing Santiago testified that two years earlier he received $73,000

from the Veterans Administration as disability pay due to post-traumatic stress disorder experienced as a result of Santiago's military service. The trial court noted that the divorce decree apportioned several bank accounts and items of personal property to Santiago in addition to real property. Santiago argued that he took on additional debt after the divorce. The trial court explained to Santiago that he had assets that could be sold to pay for the reporter's record.

A party who files a Statement of Inability may be required to prove the inability to afford payment of costs at an evidentiary hearing, but the party may not be required to pay court costs unless the trial court holds an evidentiary hearing, with proper notice given to the declarant. *See* Tex. R. Civ. P. 145(f)(5). Absent a challenge, a trial court order that the declarant can afford to pay court costs also controls the costs on appeal unless the declarant files a motion in the appellate court alleging a material change in circumstances. *See* Tex. R. App. P. 20.1(b)(3).

Santiago did not challenge the trial court's ruling on the court reporter's contest to his Statement of Inability. *See* Tex. R. Civ. P. 145(g). Therefore, Santiago's status in the trial court carries forward to this court. *See* Tex. R. App. P. 20.1(b). Even if Santiago filed a motion challenging the trial court's ruling on his Statement of Inability we have reviewed the record on the court reporter's contest and hold the trial court did not abuse its discretion in denying appellant's request to proceed without payment of costs. *See Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (we review a trial court's order on indigence using an abuse-of-discretion standard); *see also* Tex. R. Civ. P. 145(e) (In deciding whether the declarant is unable to afford to pay court costs, the test is whether the declarant proved either that he receives public assistance, is being assisted pro bono by counsel, or is unable to afford the payment of court costs). After reviewing the record, we hold that Santiago did not prove that he was unable to

afford payment for the reporter's record.

In family law cases, legal and factual sufficiency challenges do not constitute independent grounds for asserting error, however, they are relevant factors in determining whether the trial court abused its discretion. *In re S.A.H.*, 420 S.W.3d 911, 922 (Tex. App.—Houston [14th Dist.] 2014, no pet.). To determine whether a trial court abused its discretion because the evidence is legally or factually insufficient to support its decision, we consider whether the trial court (1) had sufficient evidence upon which to exercise its discretion and (2) erred in its application of that discretion. *Cantu v. Cantu*, 556 S.W.3d 420, 426 (Tex. App.—Houston [14th Dist.] 2018, no pet.). We conduct the applicable sufficiency review when considering the first prong of the test. *Id*. We then determine whether, based on the evidence, the trial court made a reasonable decision. *Id*. If the division of marital property lacks sufficient evidence in the record to support it, then the trial court's division is an abuse of discretion. *See Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018).

A reporter's record of the bench trial is required to properly assess Santiago's third issue. When, as in this case, there is neither a reporter's record nor findings of fact, we presume the trial court heard sufficient evidence to make all necessary findings in support of the judgment. *Holt Atherton Industries, Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992); *Hebison v. Clear Creek Indep. School Dist.*, 217 S.W.3d 527, 536 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Although a party may challenge the legal sufficiency of the evidence supporting the trial court's judgment, a party cannot prevail without presenting a sufficient record on appeal. *See Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991) (per curiam); *Hebison*, 217 S.W.3d at 536. In conducting an appellate review, this court presumes that any missing record contains sufficient evidence to support the trial court's judgment dividing the marital

estate. *See Hebison*, 217 S.W.3d at 536. Accordingly, because we cannot conduct the first prong of the test to determine abuse of discretion, Santiago's challenge to the division of marital property fails. *See Rogers v. Fort Bend Indep. Sch. Dist.*, No. 14-10-00968-CV, 2011 WL 2685742, at *2 (Tex. App.—Houston [14th Dist.] July 12, 2011, no pet.) (mem. op.). We overrule Santiago's third issue.

Having overruled each of Santiago's issues, we affirm the trial court's judgment.


PER CURIAM


Panel consists of Justices Wise, Jewell, and Hassan.