# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-22-00178-CV

**Andrew Morris, Appellant**

**v.**

**Carrie Cecilia Veilleux, Appellee**

### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-19-000995, THE HONORABLE JAN SOIFER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw our opinion and judgment dated August 25, 2023, and substitute the following in its place.

Andrew Morris appeals from a final decree of divorce, alleging error in the trial court's order that he pay Carrie Cecilia Veilleux's appellate attorneys' fees and in its division of the marital estate. Neither party challenges the trial court's dissolution of the marriage or any other portion of the decree. We will affirm the trial court's property division but must vacate the trial court's order that Morris pay Veilleux's appellate attorneys' fees.

## BACKGROUND

This is the second appeal of the trial court's disposition of issues presented in these marriage dissolution proceedings. In the first appeal, Morris challenged the trial court's conservatorship order that appointed Veilleux the joint managing conservator with the exclusive right to establish the primary residence of their three children without geographic restriction. In the first appeal, this Court affirmed the conservatorship order. *See Morris v. Veilleux*, No. 03-20-00385-CV, 2021 WL 4341967, at * 6 (Tex. App.—Austin Sept. 24, 2021, no pet.) (mem. op.). Morris also asserted that the trial court had erred in its division of the marital property, specifically by including the value of a condominium in making its just and right division of the estate. Morris argued that the condominium was not part of the marital estate subject to the just and right division but, rather, belonged to his father. The trial court concluded that the entire value of the condominium should be included in the parties' community estate. In the first appeal, this Court concluded that the condominium was owned by Morris, Veilleux, and Morris's father and that the trial court erred by including its total value as part of the community estate. *Id.* at *8. Because including only Morris's and Veilleux's interest in the condominium in the valuation of the community estate would materially affect the trial court's just and right division, this Court determined that the mischaracterization required the appellate court to remand the community estate to the trial court for a just and right division of the properly characterized community property. *Id.* (citing *McElwee v. McElwee*, 911 S.W.2d 182, 190 (Tex. App.—Houston [1st Dist.] 1995, writ denied). On remand, the trial court signed an order stating that the "original division of the community property as set out in the Final Decree of Divorce filed with the Court on June 8, 2020, is JUST AND RIGHT," thereby confirming that the assets in the community estate be divided in the same manner as set forth in the court's earlier

2

judgment. The trial court also awarded Veilleux appellate attorneys' fees associated with Morris's appeal of that judgment. On appeal, Morris challenges both these portions of the trial court's order.

## DISCUSSION

### Division of Marital Estate

In his second issue, Morris challenges the trial court's division of the marital estate. We review a trial court's division of the marital estate for an abuse of discretion, but the trial court has broad discretion in making this division. *See Penick v. Penick*, 783 S.W.2d 194, 198 (Tex. 1988); *O'Carolan v. Hopper*, 71 S.W.3d 529, 532 (Tex. App.—Austin 2002, no pet.) (*O'Carolan I*). "To constitute an abuse of discretion, the property division must be manifestly unfair." *O'Carolan I*, 71 S.W.3d at 532 (citing *Mann v. Mann*, 607 S.W.2d 243, 245 (Tex. 1980)). "On appeal, we presume that the trial court exercised this discretion properly and will reverse the cause only where there is a clear abuse of discretion." *Ashraf v. Ashraf*, No. 03-11-00467, 2012 WL 1948347, at *7 (Tex. App.—Austin May 24, 2012, no pet.) (mem. op.) (citing *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex. 1974)). "[T]he appellant bears the burden to show from the record that the division was so disproportionate, and thus unfair, that it constitutes an abuse of discretion." *O'Carolan v. Hopper*, 414 S.W.3d 288, 311 (Tex. App.—Austin 2013, no pet.) (*O'Carolan II*); *see Murff v. Murff*, 615 S.W.2d 696, 700 (Tex. 1981) (observing that "[m]athematical precision in dividing property in a divorce is usually not possible" and that "[w]ide latitude and discretion rests in these trial courts and that discretion should only be disturbed in the case of clear abuse").

"Under the abuse of discretion standard, a lack of legally or factually sufficient evidence does not constitute an independent ground for asserting error; instead, it is a relevant

3

factor in determining whether the trial court abused its discretion." *Mathis v. Mathis*, No. 01-17-00449-CV, 2018 WL 6613864, at *2 (Tex. App.—Houston [1st Dist.] Dec. 18, 2018, no pet.) (mem. op.) (citing *Pickens v. Pickens*, 62 S.W.3d 212, 214 (Tex. App.—Dallas 2001, pet. denied); *accord O'Carolan I*, 71 S.W.3d at 532. "When a sufficiency review overlaps the abuse-of-discretion standard, we engage in a two-pronged inquiry: (1) whether the trial court had sufficient information to exercise its discretion and (2) whether the trial court erred in its application of discretion." *Mathis*, 2018 WL 6613864, at *2 (citing *Sandone v. Miller-Sandone*, 116 S.W.3d 204, 206 (Tex. App.—El Paso 2003, no pet.)). "The traditional sufficiency review comes into play under the first prong." *Id.*

In a divorce decree, a trial court must "order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." Tex. Fam. Code § 7.001; *see Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018) (defining "just," "right," and "due regard" and describing abuse of discretion standard for reviewing trial court's division of marital estate). The division must be equitable, but the trial court does not have to divide the marital estate equally. *Murff*, 615 S.W.2d at 698-99. If there is a reasonable basis for an unequal division of the property in the record, the trial court has not abused its discretion. *See id.*; *O'Carolan I*, 71 S.W.3d at 532 (explaining that trial court's discretion is not unlimited and that there must be reasonable basis for division). In exercising its discretion, the trial court "is empowered to use its legal knowledge and its human understanding and experience" and "has the opportunity to observe the parties on the witness stand, determine their credibility, [and] evaluate their needs and potentials, both social and economic." *Murff*, 615 S.W.2d at 698-99. The trial court may consider many factors, including the spouses' earning capacities, disparity of income and abilities, education,

business opportunities, relative physical condition, relative financial condition, disparity of ages, size of separate estates, nature of the property, and the benefits that the spouse who did not cause the breakup of the marriage could have enjoyed had the marriage continued. *Id.* "The circumstances of each marriage dictate what factors should be considered in division of the marital estate." *Roberts v. Roberts*, 531 S.W.3d 224, 232 (Tex. App.—San Antonio 2017, pet. denied) (citing *Young v. Young*, 609 S.W.2d 758, 761 (Tex. 1980)).

In the present case, the marital assets had a total net value of $404,405.93. The trial court awarded assets valued at $219,346.88 to Veilleux (54% of the marital estate) and $185,059.05 to Morris (46% of the marital estate). Morris complains on appeal that this property division constituted an abuse of discretion. The lion's share of the additional value to Veilleux derives from the trial court's division of the parties' real property. The marital estate included two pieces of real property: (1) the marital home, whose net value to the community estate was $113,308.45 and (2) a condominium that was jointly owned by Veilleux, Morris, and Morris's father, whose net value to the community estate was $87,333.33. The trial court awarded the marital home to Veilleux and the community estate's interest in the condominium to Morris, resulting in Veilleux's receiving real property valued at $25,976.12 more than the real property awarded to Morris. We cannot conclude that this constituted an abuse of discretion. Among the many factors the trial court may consider in making a just and right division of the community estate is the nature of the property being divided. *Murff*, 615 S.W.2d at 698-99. Here there were two pieces of real property. The trial court awarded the marital home to Veilleux and the condominium to Morris. A reasonable basis exists for the trial court's decision to award the condominium to Morris rather than to Veilleux—one third of that piece of real property was owned by Morris's father. It was reasonable for the trial court to award property in which

5

Morris's father also had an interest to Morris rather than to Veilleux. The trial court also found that Veilleux cares for the parties' minor children "the overwhelming majority of the time on her own in Arizona." This commitment of time and money provides a reasonable basis for the trial court's awarding Veilleux a slightly disproportionate share of the community estate. Because the record reflects that there is a reasonable basis for the trial court's unequal distribution of the property, we cannot conclude that the trial court's determination that the ordered property division is just and right constitutes an abuse of its broad discretion. *O'Carolan I*, 71 S.W.3d at 532. We overrule Morris's second appellate issue.

### *Appellate Attorneys' Fees*

In his first issue, Morris challenges the trial court's award of appellate attorneys' fees to Veilleux related to the previous appeal of the trial court's divorce decree. After the trial court signed the divorce decree in June 2020, Morris filed a notice of appeal. Veilleux then filed a motion requesting that the court render a temporary order requiring Morris to pay her "reasonable and necessary attorney's fees and expenses pending appeal" as necessary to "preserve and protect the safety and welfare of the children" during the appeal. *See* Tex. Fam. Code § 109.001 (providing that, in suit affecting the parent-child relationship, trial court may make any order necessary to preserve and protect safety and welfare of child during pendency of appeal as court deems necessary and equitable, including requiring payment of reasonable and necessary attorneys' fees and expenses). The trial court denied Veilleux's request for a temporary order pending appeal. In its order, the court stated that it "maintains plenary power and reserves the right to award attorney's fees after the ruling from the Court of Appeals." After this Court remanded the case to the trial court, the trial court signed an order awarding

6

Veilleux appellate attorneys' fees. The court's order states its finding that "it is necessary to award [Veilleux] her attorneys' fees related to the appeal to preserve and protect the safety and welfare of the children." Thus, after the appeal had been disposed of, the trial court purported to award attorneys' fees to Veilleux on the ground that they were necessary to "preserve and protect the safety and welfare of the children."

As an initial matter, we note that Texas Family Code section 109.001 permits the trial court to make any order necessary to preserve and protect the safety and welfare of children *during the pendency of an appeal*. *Id.* § 109.001(a). The statute identifies the types of orders that might be necessary to do so, including appointing temporary conservators for the children, requiring temporary support of the child by a party, suspending the operation of the order or judgment being appealed, or requiring payment of reasonable and necessary attorneys' fees and expenses. *Id.* § 109.001(a)(1), (2), (5), (6). The plain purpose of the statute is to ensure that, while the appeal is pending, the children's safety and welfare is preserved and protected. An order awarding attorneys' fees after the appeal has been disposed of, and the trial court no longer retains jurisdiction, comes too late to protect and preserve the children's safety and welfare *during the appeal's pendency* and no longer serves the purpose underpinning the statutory authority for a trial court to render a temporary order pending appeal.

The trial court retains jurisdiction to conduct a hearing and sign a temporary order under section 109.001 until the sixtieth day after the day any eligible party has filed a notice of appeal pursuant to the Texas Rules of Appellate Procedure. *See id*. § 109.001(b-2); *see also In re Jacquot*, No. 14-21-00022-CV, 2021 WL 3924083, at *2 (Tex. App.—Houston [14th Dist.] Sept. 2, 2021, no pet.) (mem. op.) (per curiam). Thus, section 109.001(b-2) limited the time frame within which the trial court could issue temporary orders in the proceeding on appeal to

sixty days from the date Morris filed his notice of appeal. The court's order challenged here was signed more than a year after Morris filed his notice of appeal and, consequently, the trial court had lost jurisdiction to award Veilleux attorneys' fees pursuant to section 109.001.

On appeal, Veilleux asserts that Morris is estopped from challenging the attorneys' fee award because he "invited" the trial court's error by himself requesting at the temporary orders hearing that the trial court "not award any attorney's fees at this time, wait for the appeal to come back, see what the appellate court has to say" and by, on remand, himself requesting that the trial court award him his appellate attorneys' fees. Again, we read section 109.001 to provide that temporary orders are intended to preserve and protect the safety and welfare of the children during the pendency of the appeal, but not to award appellate attorneys' fees to a party after the appeal, and based on the outcome of, the appeal itself. More to the point, however, the doctrine of "invited error" applies only to non-jurisdictional defects. *See, e.g.*, *Gillum v. Republic Health Corp.*, 778 S.W.2d 558, 562 (Tex. App.—Dallas 1989, no writ) (party that consents to court's action waives all errors in the judgment except want of jurisdiction). Morris's own conduct cannot be used as a basis on which to confer on the trial court subject-matter jurisdiction it does not otherwise have. Because the trial court did not retain jurisdiction to award section 109.001 attorneys' fees more than sixty days after Morris filed his notice of appeal, we sustain Morris's first issue.

**CONCLUSION**

For the reasons stated in this opinion, we affirm the portion of the trial court's order pertaining to the division of the marital estate. We reverse the portion of the trial court's

order awarding Veilleux appellate attorneys' fees and vacate that portion of the judgment. In all other respects, the trial court's decree of divorce is affirmed.

_____

Thomas J. Baker, Justice

Before Justices Baker, Kelly, and Smith

Affirmed in Part, Vacated in Part on Motion for Rehearing

Filed: November 28, 2023